**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**v.**

**Harry Edward THOMAS, et al., Defendants.**

**Civ. No. C86–313G.**

United States District Court, D. Utah, C.D.

April 7, 1987.

Delano S. Findlay, Salt Lake City, Utah, for plaintiff.

Ronald Barker, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

Oral argument on this matter was heard on February 11, 1987, pursuant to plaintiff's Motion in Limine and Objection to Answer of Defendant Thomas. Plaintiff was represented by Delano S. Findlay; defendant Thomas was represented by Ronald Barker; and defendant Thomas Blonquist was represented by Wallace Boyack. Having taken the matter under advisement, the court now sets forth its Memorandum Decision and Order.

## FACTUAL BACKGROUND

On April 14, 1986 the Securities and Exchange Commission (the "Commission") filed a Complaint seeking an injunction against Harry Edward Thomas, Petro Corporation, and others under 15 U.S.C. § 77t(b) and 15 U.S.C. § 78u(d). In his answer, Thomas stated that he was appearing "specially and ... without waiving his 5th amendment privilege against self-incrimination." Thomas then asserted his privilege generally and "with respect to each and every allegation" in the Commission's Complaint, other than those he specifically admitted. Thomas also raised a number of affirmative defenses. The Commission objects to Thomas's assertion of his fifth amendment privilege in response to the allegations of its Complaint. Specifically, the Commission states that Thomas's response "does not admit or deny the allegations of [the Commission's] complaint as is required by Rule 8 of the Federal Rules of Civil Procedure." On this basis the Commission asks the court for an order precluding Thomas from presenting any factual evidence relating to those issues on which he has asserted his right to remain silent. While the Commission's motion is based strictly upon Thomas's assertion of privilege in his responsive pleading, at oral argument counsel for the Commission argued that Thomas had also responded to questions at his deposition by asserting his privilege against self-incrimination. Since the analysis of an assertion of privilege at the pleading stage differs from the analysis of the same assertion in response to requests for discovery, the court will analyze the assertions separately.

## LEGAL ANALYSIS

1. *Thomas's Assertion of Privilege Against Self-Incrimination in Response to the Commission's Complaint*

■ The Commission's objection to Thomas's Answer ostensibly is that it fails to admit or deny the Commission's allegations as required by Rule 8(b) of the Federal Rules of Civil Procedure. For this failure the Commission asks that the court preclude Thomas from presenting evidence on the issues to which he has asserted the privilege against self incrimination. The question thus presented is whether the court may issue a preclusion order for a party's failure to comply with requirements of Rule 8(b) for pleading defenses and denials. We think this issue may be resolved without reference to the constitutional question of whether a party's privilege against self-incrimination justifies refusal to respond to the averments of a civil complaint. Analyzed solely under the Federal Rules of Civil Procedure (the "Rules") a preclusion order is not an appropriate remedy for improper pleading no matter the justification or rationale for the party's particular failure.

In general, objections to the form or substance of a party's pleading must be raised under Rule 12. Under Rule 12 a party may move to dismiss, Fed.R.Civ.P. 12(b)(1)–(6), or for judgment on the pleadings, Fed.R. Civ.P. 12(c) or for a more definite statement, Fed.R.Civ.P. 12(e), or to have the responsive pleadings stricken as insufficient, Fed.R.Civ.P. 12(f). The Advisory Committee Notes make clear that a Motion to Strike under Rule 12(f) also "affords a specific method of raising the insufficiency of a defense...." Fed.R.Civ.P. 12(f) advisory committee note. Further, Rule 8(d) specifically provides how a party's failure to deny averments in a complaint is to be treated. The Rule provides:

> (d) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, *are admitted when not denied in the responsive pleading.* Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

Fed.R.Civ.P. 8(d) (emphasis added). Where a party fails to deny averments, as a general rule they are to be admitted. On this basis a plaintiff might move for judgment on the pleadings pursuant to Rule 12(c) arguing that the defendant, for whatever reason, had failed to deny the averments of the Complaint and since the defendant did not deny the averments the court should treat them as admitted under Rule 8(d). If plaintiff had so moved, and the defendant's refusal to respond was based on the fifth amendment, the court then would have to decide the constitutional question.[1] However, we are not faced with such a case.

■ The Commission in its Memorandum makes clear that it is not requesting this court to grant judgment against Thomas based solely on his failure to respond adequately to the Complaint. Rather, the Commission asks the court to preclude Thomas from introducing evidence on issues to which he has refused to respond based on the Fifth Amendment. The Rules do not provide for precluding a party from presenting evidence as a remedy for that party's failure to admit or deny the averments of a Complaint, and we find no justification independent of the Rules for entering such an order in this case. Accordingly, the Commission's request for a preclusion order based on Thomas's failure to admit or deny the averments of the Commission's Complaint is denied.

*2. Thomas's Assertion of Privilege Against Self-Incrimination in Response to Discovery Requests*

At the hearing on the Commission's motion, the Commission argued that Thomas had asserted his privilege in response not only to the Complaint, but also to questions asked at his deposition. Assuming that the court is also being asked to preclude Thomas from presenting evidence based upon his refusal to answer questions at his deposition, we think that issue also may be resolved without reference to the constitutional question.

In essence, the Commission asks the court to enter sanctions against Thomas for his refusal to answer questions at his deposition. Rule 37(b) provides federal

---

1. In *Spevack v. Klein,* the Supreme Court noted that the fifth amendment secured a privilege "to remain silent unless [the party] chooses to speak in the unfettered exercise of his own will, and to suffer no penalty ... for such silence." 385 U.S. 511, 514, 87 S.Ct. 625, 627, 7 L.Ed.2d 574 (1967) (quoting *Malloy v. Hogan,* 378 U.S. 1, 8, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964)). The court described "penalty" to include "the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" *Id.* at 515, 87 S.Ct. at 628, While it is clear that assertion of the privilege in civil contexts may give rise to a justifiable adverse inference, *Bax-* *ter v. Palmigiano,* 425 U.S. 308, 318–19, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976), a number of courts have held that entering a civil judgment against a party solely on the basis of his assertion of privilege makes assertion of the privilege impermissibly "costly," *see National Acceptance Corp. v. Bathalter,* 705 F.2d 924 (7th Cir.1983); *Hughes Tool Co. v. Meier,* 489 F.Supp. 354, 375 (D.Utah 1977); *DeAntonio v. Solomon,* 42 F.R.D. 320, 322 (D.Mass.1967). Courts have held in these cases that where a defendant asserts the privilege against self-incrimination in response to the averments of a complaint, that assertion will be treated as a denial for Rule 8 purposes.

courts with power to enter sanctions in certain situations involving the failure to make or cooperate in discovery.[2] But sanctions are not available thereunder ipso facto as a result of refusal to answer questions at a deposition. The Rules contemplate a two-part procedure before sanctions may be entered. A party seeking discovery which is refused must first move for an order compelling discovery under Rule 37(a)(2), which provides:

> (2) *Motion.* If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c).

■ Rule 37 provides for sanctions after there has been a failure to comply with some order of the court. In this regard, Rule 37(b)(2) provides that the court may make such orders as are just if a party "fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of [Rule 37] or Rule 35, or if a party fails to obey an order entered under Rule 26(f)...." Similarly, subdivision (b)(1) of Rule 37 allows a contempt order when a deponent "fails to be sworn or to answer a question *after being directed to do so by the court* ..." (emphasis added). Sanctions are not directly permitted for failure to comply with a party's discovery request.

■ Plaintiff's application for a preclusion order based upon failure of defendant to answer questions at his deposition is premature. A motion seeking the sanction of a preclusion order would not have been premature in this case if, upon Thomas's refusal to answer questions the Commission had asked for and been granted an order compelling discovery. However, we are not faced with such a case. Here the Commission asks for a preclusion order, which is among the most severe of sanctions allowed under Rule 37, based solely upon Thomas's failure to respond to the Commission's discovery *request.* Rule 37 provides that sanctions are available only on the basis of failure to comply with a discovery *order.*[3]

### 3. *Fifth Amendment Privilege in Civil Cases Generally*

■ On a motion for protective order under Rule 26(c) or on a motion to compel under Rule 37(a), the court might properly consider whether Thomas's refusal to answer on fifth amendment grounds would be justified. Under Rule 26(b)(1) parties may obtain discovery of "any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). Thus, after determining relevan-

---

**2.** The Supreme Court has held that the authority of federal courts to impose sanctions for failure to comply with *discovery orders* derives exclusively from Rule 37. *See Societe Internationale Pour Participations Industrielles v. Rogers,* 357 U.S. 197, 206–08, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Manifestly, however, federal courts may remedy misconduct pursuant to inherent powers as a court of equity. *See Roadway Express v. Piper,* 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *In re Bjella,* 806 F.2d 211, 215 (10th Cir.1986); *Charc-* zuk *v. Commissioner,* 771 F.2d 471, 475 (10th Cir.1985).

**3.** This court recognizes that sanctions can be imposed arising from inherent powers of the court in a proper case. *See Roadway Express v. Piper,* 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Charczuk v. Commissioner,* 771 F.2d 471, 475 (10th Cir. 1985).

cy, the principal limitation on discovery under the Rules is "privilege." Matters which are privileged may not be discovered. The Supreme Court has made clear that the fifth amendment privilege against self-incrimination applies in civil cases. In *Maness v. Meyers*, the court noted that "the privilege against self-incrimination can be asserted 'in *any* proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.'" 419 U.S. 449, 465, 95 S.Ct. 584, 595, 42 L.Ed.2d 574 (1975) (quoting *Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972)) (emphasis added); *see also McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924). Thus, to the extent a witness [4] legitimately [5] claims that revelation of matter may incriminate him, it is effectively beyond the scope of discovery under 26(b)(1), and the court is without power to compel answers. *Hughes Tool Co. v. Meier*, 489 F.Supp. 354, 371–72 (D.Utah 1977); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087 (5th Cir.1980).

This does not mean that a witness may with impunity and without adverse consequence refuse to disclose facts tending to establish civil liability. *National Acceptance Co. v. Bathalter*, 705 F.2d 924, 926–27 (7th Cir.1983). The privilege against self-incrimination protects disclo-

sure only of evidence which will provide "a link in the chain of evidence needed to prosecute" criminal conduct. *Malloy v. Hogan*, 378 U.S. 1, 11, 84 S.Ct. 1489, 1495, 12 L.Ed.2d 653 (1964). Further, the Supreme Court has held drawing an adverse inference even from a party's legitimate assertions of the privilege against self-incrimination in a civil case does not render assertion of the privilege unconstitutionally "costly." [6] Moreover, a witness may not assert the privilege by refusing to appear for a deposition at all, *Jones v. B.C. Christopher & Co.*, 466 F.Supp 213, 223 (D.Kan. 1979), nor may a blanket fifth amendment privilege be invoked prior to the propounding of any questions.[7]

The cases plaintiff cites in support of its motion are inapposite to both the facts before the court and the propositions it has stated. In *Securities and Exchange Commission v. Cymaticolor Corp.*, 106 F.R.D. 545 (S.D.N.Y.1985) the defendant declined to answer a number of interrogatories on fifth amendment grounds, but included a statement that he reserved the right to waive his fifth amendment privilege at a later time, and to answer the interrogatories. In that case the court, in effect, ordered that the defendant could not have it both ways, holding that if the defendant claims a privilege against self-incrimination he must stick with that choice. The court

---

**4.** Since the privilege is testimonial it attaches to witnesses, so parties claim the privilege as witnesses.

**5.** The validity of a witness's assertion of self-incrimination privilege is not judged on the witness's say so alone. The trial judge independently must determine that the assertion was justified. *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951).

**6.** The Supreme Court has stated that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter*, 425 U.S. at 319, 96 S.Ct. at 1558. It may well be that the sanction of precluding a party from introducing evidence for a legitimate assertion of privilege would be too severe, and would render assertion of the privilege "costly." *See*, 8 C. Wright & A. Miller, Federal Practice and Procedure § 2018 at 148–50 (1970).

**7.** *Securities and Exchange Commission v. First Financial Group*, 659 F.2d 660, 669 (5th Cir. 1981); *National Life Insurance Co. v. Hartford Accident & Indemnity Co.*, 615 F.2d 595, 596, 598–600 (3rd Cir.1980); *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 873 (7th Cir. 1979) (per curiam); 8 C. Wright & A. Miller, Federal Practice and Procedure § 1028, at 12–43 (1970 & Supp. 1981); Note, Plaintiff as Deponent: Invoking the Fifth Amendment, 48 U.Chi. L.Rev. 158, 161, 164 (1981). The proper procedure in connection with depositions is for the deponent to attend the deposition and to be sworn under oath. Then the deponent should answer the questions he or she can and invoke the privilege when answers to questions tend to incriminate. Such a procedure allows the court to review specific questions to which the privilege was asserted.

ordered that the defendant could not save until trial revelation of the information as to which he had invoked fifth amendment rights. In the case at bar defendant has not attempted to reserve a right to waive his fifth amendment rights. Further, the relief plaintiff seeks is broader than that requested in *Cymaticolor*. In that case the court ordered only that defendant could not introduce the very information as to which he claimed a privilege; it did not enter a general preclusion order or rule that the defendant could not introduce independent information on the same issues.

In *National Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir.1983) the defendant refused to respond to the substantive allegations of plaintiff's complaint based on his privilege against self-incrimination under the fifth amendment. The plaintiff then moved either to have defendant's answer stricken or, alternatively, for judgment on the pleadings. The district court, reading Rule 8(d) to require admission or denial, granted plaintiff's motion for judgment on the pleadings. The Court of Appeals reversed holding that even in a civil case a judgment imposing liability could not rest solely upon refusal to admit or deny based upon an assertion of privilege at the pleading stage. *Bathalter*, 705 F.2d at 932. The court noted that a literal reading of Rule 8 in that case would create a constitutionally impermissible situation, and that in such cases the literal reading of Rule 8 must give way. *Id.* at 928. *Bathalter* is distinguishable from the case at bar in that plaintiffs in this case do not ask for judgment on the pleadings, but rather a preclusion order. However, to the extent *Bathalter* is relevant to the present situation it supports denial of plaintiff's motion.

In *Securities and Exchange Commission v. American Beryllium & Oil Corp.*, 303 F.Supp. 912 (S.D.N.Y.1969) the Commission brought suit to enjoin violation of the securities laws. The Commission moved pursuant to Rule 37(b) for an order striking defendants' answers or for judgment by default or precluding defendants from introducing certain evidence. The court ordered defendants to produce cer-

tain documents and neither defendant complied with the order. *American Beryllium* can be distinguished from the case before the court in two ways. First, the basis of the Commission's motion in that case was the defendants' failure to comply with an order of the court. Second, while the defendants did assert their fifth amendment privilege, neither asserted it in a timely manner. The court's ruling in that case was in no way driven by defendants' claim of self-incrimination privilege. It was rather the result of defendants' failure to comply with a discovery order. Nevertheless, the court did consider defendants' untimely claim of privilege as a mitigating factor in its ruling.

The final case relied upon by plaintiff is *In re Anthracite Coal Antitrust Litigation*, 82 F.R.D. 364 (M.D.Pa.1979). However, defendants in that case were corporations. It is well-settled that corporations do not enjoy a fifth amendment privilege against self-incrimination. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 417 (C.D.Ill.1977). In situations where a discovery demand is made upon a corporation, the corporation's burden is to designate someone to answer on its behalf. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2018 at 143 (1970). The designated person may assert his fifth amendment privilege if his answers would tend to incriminate himself, but he may not refuse to answer on the grounds that the corporation will be incriminated, because corporations do not enjoy such a privilege. In *Anthracite Coal* the court ruled that,

> if officers of a corporation invoke their individual Fifth Amendment privileges and as a result conceal from other parties information which rightly belongs to the corporation and no penalties are visited upon the corporation itself for the failure to disclose information which it possesses, the effect would be the same as if the corporation had a Fifth Amendment privilege.

**236**

*Anthracite Coal,* 82 F.R.D. at 368. The court then went on to hold that where corporate officers, based upon their fifth amendment privilege, deliberately choose not to reveal information properly belonging to the corporation to a person who could disclose it during the course of the litigation, the court may consider that the corporations have deliberately refused to reveal properly discoverable material and that sanctions should be imposed upon the corporation for that failure. This is a proposition with which we have no quarrel.

For reasons given above, plaintiff's motion is denied.

This Memorandum Decision and Order will suffice as the court's final action on this motion; no further Order need be prepared by counsel.