### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

### Michael W. REHTORIK and Oscar Gomez, Defendants.

### No. 88–0735–Civ.

United States District Court, S.D. Florida.

Jan. 24, 1991.

Charles Harber, William Hicks, Miami, Fla., for plaintiff.

Hugo L. Black, Jr., Miami, Fla., for defendant Rehtorik.

Michael J. Rosen, Miami, Fla., for defendant Gomez.

## ORDER

HOEVELER, District Judge.

THIS CAUSE IS before the court upon the motion of the Plaintiff Securities and Exchange Commission ("S.E.C.") for an order precluding the defendants from introducing any evidence in response to the S.E.C.'s Motion for Summary Judgment as to the Issue of Disgorgement.

## FACTS

As is substantially set forth in the court's Order of October 3, 1990, 755 F.Supp. 1018, the facts of this case are as follows. The S.E.C. filed this civil action against the defendants Michael Rehtorik and Oscar Gomez in April 1988 alleging, *inter alia,* violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and Rule 10b–5, 17 C.F.R. sec. 240.-10b–5 pertaining to the fraudulent sale of securities. The S.E.C. claims defendants Rehtorik and Gomez defrauded 32 different investors of some $1,626,922.

On May 31, 1988 and June 20, 1988 defendants Rehtorik and Gomez, each consented to a separate Final Judgment of Permanent Injunction and Order Directing Defendant to Provide an Accounting and Other Relief.[1]

The Government has subsequently conducted criminal investigations against both Rehtorik and Gomez. Gomez pled guilty to securities fraud on September 17, 1990 and was sentenced in early January 1991. Rehtorik was subpoenaed to appear before a grand jury in October of 1989 as a target of its criminal investigation. Over a year later, an indictment has yet to be returned against defendant Rehtorik. It is unknown what, if any, further criminal action will be taken against Michael Rehtorik.

During the pendency of the parallel criminal proceedings, the S.E.C. filed a Motion for Summary Judgment as to the Issue of Disgorgement against both defendants. The S.E.C.'s motion is still pending before the court. In conducting discovery for their motion, the S.E.C. deposed both defendants. At their depositions, both Rehtorik and Gomez asserted the Fifth Amendment privilege and refused to answer any substantive questions relating to the issue of disgorgement for fear of implicating themselves in the criminal proceedings. As a consequence, the S.E.C. claims the defendants should be precluded from offering any evidence concerning the disgorgement of fraudulently obtained monies.[2]

Defendant Gomez has failed to respond to the S.E.C.'s summary judgment motion as directed by the court. It is not necessary, therefore, to reach the issue of court-ordered preclusion as it applies to Gomez. He has already precluded himself from responding in any way to the S.E.C.'s motion.[3]

---

1. The injunctions prohibited the defendants from future fraudulent sale of securities and from improperly maintaining account records. In neither Final Judgment did either of the defendants admit to any of the allegations in the S.E.C.'s complaint. The Rehtorik final judgment ordered Michael Rehtorik to disgorge all proceeds received pursuant to the unlawful scheme described in the Commission's complaint. The Gomez final judgment did not order Oscar Gomez to disgorge funds, but reserved jurisdiction to order disgorgement if appropriate.

2. Defendants initially moved for a stay of plaintiff's summary judgment motion on Fifth Amendment grounds. In an Order issued October 3, 1990 this court denied defendants request for a stay holding:

   "[t]he defendants can exercise their Fifth Amendment rights in the face of the S.E.C.'s summary judgment motion by not presenting evidence which would implicate them in the alleged securities fraud. Though an adverse inference may be drawn due to their silence, the S.E.C. must still carry its burden of proving fraud committed by defendants; their silence alone will not give rise to automatic liability.... To speak or not to speak becomes, in such a case, a question of strategy rather than one of unconstitutional compulsion."

   Citing, *Baxter v. Palmigiano,* 425 U.S. 308, 317–18, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976); *U.S. v. White,* 589 F.2d 1283, 1287 (5th Cir.1979).

3. Gomez's decision not to respond may likely be to save himself the litigation costs. Gomez has been ordered to pay restitution to the defrauded investors as part of his criminal sentence.

Rehtorik, on the other hand, has responded to the S.E.C.'s summary judgment motion. By way of evidentiary support, he has submitted three depositions of investors and has referenced a deposition submitted by the plaintiff. Rehtorik has not attempted to introduce his own affidavit or testimony in any way. The scope of the S.E.C.'s motion for preclusion, however, seeks to preclude the introduction of *any* evidence by Rehtorik, not just his own testimony.

## DISCUSSION

■■■ The S.E.C. is, in essence, asking the court to sanction defendant Rehtorik for his failure to respond to questions at his deposition. The court's power to sanction a party for failure to comply with discovery derives exclusively from Rule 37 of the Federal Rules of Civil Procedure. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958); 8 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE: § 2018 at 147 (1970).[4] Yet that rule provides for sanctions only if a party "fails to obey an order to provide or permit discovery". Fed.R.Civ.Pro. 37(b)(2). Sanctions, then, are permitted only after a party has ignored a court order compelling discovery and "are not directly permitted for failure to comply with a party's discovery request." *S.E.C. v. Thomas*, 116 F.R.D. 230 (D.Utah 1987). This court has made no order compelling Rehtorik to answer the S.E.C.'s deposition questions. To the contrary, this court has recognized defendant Rehtorik's proper raising of a constitutional privilege,[5] thereby precluding a finding that the defendant has somehow violated the discovery rules. *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087 (5th Cir.1979). In short, this court lacks the authority either to order Rehtorik to respond or to sanction him for properly declining to do so. *Id.*

Moreover, to forbid the defendant from submitting any evidence in rebuttal, when the S.E.C. has submitted volumes of exhibits in support of its motion, would prove here too "costly" a price for Rehtorik's legitimate assertion of privilege. The defendant has a legitimate right, free of court imposed restrictions, to attack plaintiff's case by means of evidence other than his own privileged testimony. *See S.E.C. v. Thomas*, 116 F.R.D. at 234, n. 16; 8 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE: § 2018 at 148–50 (1970); *Spevack v. Klein*, 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967).

To the extent that the S.E.C. is requesting an order precluding Rehtorik's submission of his own testimony, plaintiff's motion is premature. Rehtorik has not offered his own testimony. Were he to attempt to do so at some later point in the proceedings the court would either find a waiver of the asserted Fifth Amendment privilege or would entertain a renewal of the S.E.C.'s motion. To the extent the S.E.C. seeks to preclude the defendant from introducing evidence other than his own testimony, the court declines to accept so sweeping a use of the preclusion order in the face of a validly raised Fifth Amendment privilege. Accordingly, it is hereby

ORDERED and ADJUDGED that the S.E.C.'s Motion for a Preclusion Order is DENIED.

DONE and ORDERED.

---

**4.** Though a federal court has inherent equitable powers to sanction parties for misconduct generally, *see e.g., United States v. Hudson*, 7 Cranch 32, 3 L.Ed. 259 (1812); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980), the Supreme Court in *Societe Internationale* determined, in effect, that those inherent powers lay within the confines of Rule 37. To rely on "inherent powers" as a source for sanctions relating to discovery misconduct "can only obscure analysis of the problem". *Societe Internationale*, 357 U.S. at 207, 78 S.Ct. at 1093.

**5.** *See* October 3, 1990 Order.