**UNITED STATES of America, Plaintiff,**

v.

**Christopher M. HANSEN, Defendant.**

**No. 05CV921–L(NLS).**

United States District Court,
S.D. California.

Oct. 28, 2005.

Martin M. Shoemaker, U.S. Department of Justice, Washington, DC, U.S. Attorney, U.S. Attorney's Office, San Diego, CA, for Plaintiff.

Christopher M. Hansen, Alberta, CA, pro se.

## ORDER GRANTING MOTION TO COMPEL

STORMES, United States Magistrate Judge.

Before this Court is the Motion of United States of America ("Plaintiff") to Compel Appearance at Deposition of Defendant Christopher M. Hansen ("Defendant"). [Dkt. No. 34, 35.] Defendant has filed an Opposition to the Motion. [Dkt. No. 37, 38.] Plaintiff has filed a Reply in support of its Motion. [Dkt. No. 40.] The Court finds the issues appropriate for a decision on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons explained below, the Motion to Compel is **GRANTED**.

### Background

Defendant sells how-to guides containing forms, instructions and tactics to help his customers avoid paying federal taxes. [Complaint ¶ 7.] The forms range in price from $10 to $40. [Complaint ¶ 7.] He also sells sample response letters, at a cost of approximately $50 per letter, for customers to use when they receive correspondence from the Internal Revenue Service ("IRS"). [Complaint ¶ 8.] These letters are designed to disrupt or hinder the enforcement of internal revenue laws. [Complaint ¶ 8, 9.] He also advises customers how to assert frivolous positions and engage in disruptive tactics to obstruct audits conducted by the IRS. [Complaint ¶ 10.] Defendant also markets a program to assist customers in giving up their "U.S. citizenship" and claim "American National citizenship," which he advises them will result in their not being liable for federal income taxes. [Complaint ¶ 18.] He charges $2,000 for an individual to participate in this program. [Complaint ¶ 18.] Defendant markets his programs through word of mouth, at seminars, and on the Internet through his websites *www.famguardian.org* and *www.sedm.org*. [Complaint ¶ 21.] He is aware that courts have rejected his positions related to the federal tax laws but blames this on a "judicial conspiracy to protect and expand the federal income tax." [Complaint ¶ 23.]

On May 2, 2005, Plaintiff filed this action seeking to permanently enjoin Defendant from, among other activities, promoting programs that advise or encourage customers to violate the tax laws and evade assessment or collection of federal tax liabilities; making false or fraudulent statements about the securing of any tax benefit by reason of participation in any plan or arrangement; engaging in conduct that interferes with the administration and enforcement of the tax laws; and engaging in any activity subject to penalty under the Internal Revenue Code. [Complaint ¶ 1.] Defendant filed an Answer to the Complaint and also a Motion to Dismiss, arguing lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and various other matters. [Dkt. No. 5, 7.] The District Court denied Defendant's Motion to Dismiss in its entirety on July 26, 2005. [Dkt. No. 20.]

On September 16, 2005, this Court held a Case Management Conference pursuant to Local Rule 16.1(d), and thereafter issued a scheduling order regulating discovery under Federal Rule 26 and other pretrial proceedings in the case. [Dkt. No. 30.] On October 5, 2005, Plaintiff filed this Motion to Compel, asserting that Defendant has refused to submit to a deposition. [Memorandum in Support of United States' Motion to Compel Appearance at Deposition ("Pl.Memo.") at 1.] In support, Plaintiff's counsel asserts that in late September 2005, he contacted Defendant about taking his deposition, informing him that the deposition would take place at the U.S. Attorney's Office in San Diego, and providing him with several alternative dates. [Pl. Memo. at 1–2.] According to counsel, Defendant stated that he would be available on one of the dates but that he would not appear unless counsel agreed to a number of conditions, including signing a "Deposition Agreement" Defendant submitted to counsel. [Pl. Memo. at 2–3.] The six-page agreement sought to place numerous limitations and conditions on the deposition, including the following: that the deponent and deposer would "alternate" questions back and forth, and if one person refused to answer a question the other person could also refuse to answer; that the deposition would not take place on federal property; that any "witnesses" Defendant brought with him to the deposition would not be required to identify themselves or "suffer the humiliating experience of having their luggage scanned"; that the Plaintiff would be required to provide evidence "constituting probable cause" to pursue this case at least five days prior to the deposition; and that Defendant would be granted witness immunity prior to the deposition. [Motion at 2–3, Exhibit A.] Plaintiff declines to accept these conditions, and instead requests that the Court compel Defendant to appear for a deposition on a date certain and otherwise conduct himself in accordance with the Federal Rules. [Motion at 5.]

Defendant opposes the Motion to Compel. [Dkt. Nos. 37, 38.] He argues at length that this is not a proper legal proceeding, raising arguments related to subject matter jurisdiction, personal jurisdiction, venue, and the proper scope of several of the tax laws at issue in the case. [Memorandum of Law In Support of Motion to Compel Appearance at Deposition ("Def.Memo.") at 9–21.] He also seeks to justify his proposed limitations on the deposition as reasonable. [Def. Memo. at 4–11.] Additionally, he asserts that because the parties have not consented to the jurisdiction of the Magistrate Judge, this Court lacks authority to compel "anyone to do anything" in the case, "including attend a deposition." [Def. Memo. at 7.]

### Analysis

Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). This includes taking the deposition of parties to the case. Fed.R.Civ.P. 30(a)(1) ("A Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court. . . ."). Plaintiff wishes to take Defendant's deposition, and under the Federal Rules of Civil Procedure has a clear right to do so.

■ In his lengthy filings, Defendant fails to offer any legitimate basis for his failure to submit to a deposition. The bulk of his Opposition is devoted to discussing perceived deficiencies in Plaintiff's Complaint. [Def. Memo. at 6–23.] Arguments related to lack of subject matter jurisdiction, lack of personal jurisdiction, or a deficiency in the pleadings must be raised in a motion to dismiss filed with the District Court, and are not a legitimate response to Plaintiff's request for discovery. Moreover, the docket reflects that Defendant previously filed a Motion to Dismiss raising many of these same arguments; the District Court denied that motion in its entirety. [Dkt. Nos. 7, 9, 20.] This case has now proceeded to the discovery stage, and under the Federal Rules, Plaintiff is entitled to conduct discovery relevant to the claims and defenses in the suit, including taking Defendant's deposition. *See* Fed. R.Civ.P. 26(b), 30(a)(1).

■ Although Defendant attempts to justify his proposed limitations on the deposition

as reasonable, there is no basis under the Federal Rules for him to refuse to attend a deposition until Plaintiff's counsel agrees to abide by his terms. While the parties may voluntarily stipulate to certain conditions regarding the deposition, including the time, place, or manner in which it is conducted, *see* Fed.R.Civ.P. 29, Defendant cannot require Plaintiff to agree to his proposed conditions. To the extent Defendant asserts that he will not submit to a deposition unless he is entitled to ask questions of Plaintiff's counsel during the deposition, such a procedure has no support in either the case law or the Federal Rules, and the Court declines to allow it here. Of course, Defendant is entitled to conduct his own discovery relevant to the claims or defenses in this suit, including deposing witnesses. To do so, however, he must follow the procedures set forth in the Federal Rules.[1] *See* Fed.R.Civ.P. 26–34.

■ Further, there is no basis in the Federal Rules for Defendant to refuse to attend a deposition unless he is granted "witness immunity," nor can this Court compel Plaintiff to grant him immunity. *United States v. Talco Contractors*, 153 F.R.D. 501, 507 (W.D.N.Y.1994). He suggests that a deposition would violate his Fifth Amendment right to be free from self-incrimination, but he cannot refuse to attend a deposition under a blanket claim of Fifth Amendment privilege. *See SEC v. First Financial Group of Texas*, 659 F.2d 660, 669 (5th Cir.1981); *National Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 598–99 (3rd Cir.1980); *In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 872–73 (7th Cir.1979); *SEC v. Thomas*, 116 F.R.D. 230, 234 & n. 7 (D.Utah 1987). The Fifth Amendment privilege against self-incrimination applies in civil cases such that a witness cannot be compelled to provide testimony that would furnish "a link in the chain of evidence" needed

to prosecute for a crime. *Malloy v. Hogan*, 378 U.S. 1, 11, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). With respect to depositions, the proper procedure is for the deponent to attend the deposition, be sworn under oath, and respond to those questions he can answer without running a risk of self-incrimination. *Thomas*, 116 F.R.D. at 234 & n. 7; Wright & Miller, 8 Fed. Prac. & Proc. Civ.2d § 2018. The deponent may assert the privilege on a question-by-question basis if he has "reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). The Court is the final arbiter of whether invocation of the privilege is warranted. *Id.* As the Supreme Court observed:

> The witness is not exonerated from answering merely because he declares that in doing so he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified ... and to require him to answer if it clearly appears to the court that he is mistaken.

*Id.* Thus, to the extent Defendant is claiming a Fifth Amendment privilege regarding his deposition testimony, he must attend the deposition, be sworn under oath, and answer all questions that do not pose a risk of self-incrimination. He may assert the privilege in response to a question if he has "reasonable cause" to believe a direct answer would result in self-incrimination. He should be aware, however, that assertion of the Fifth Amendment privilege in a civil case can lead to adverse consequences, including exclusion of evidence, preclusion of testimony, or drawing of an adverse inference by the trier of fact. *See Mid–America's Process Service v. Ellison*, 767 F.2d 684, 686 (10th Cir.1985); *Dunkin' Donuts, Inc., v. Taseski*, 47 F.Supp.2d 867, 873–74 n. 3 (E.D.Mich.1999); *Talco Contractors*, 153 F.R.D. at 508–09;

---

1. The Court does not mean to encourage Defendant to notice a deposition of Plaintiff's counsel; as courts have uniformly recognized, depositions of opposing counsel are disruptive to the adversarial process and should be allowed only in limited circumstances. *See, e.g., Boughton v. Cotter Corp.*, 65 F.3d 823, 828–831 (10th Cir. 1995); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986); *Dunkin' Donuts, Inc. v. Mandorico, Inc.*, 181 F.R.D. 208, 210–211

(D.Puerto Rico 1998); *American Casualty Co. v. Krieger*, 160 F.R.D. 582, 585–589 (S.D.Cal.1995). This is true even "where it is clear that the attorney is a witness to relevant, nonprivileged events and/or conversations." *American Casualty*, 160 F.R.D. at 588. Plaintiff has stated that if Defendant seeks to take the deposition of Plaintiff's counsel, it will move for a protective order. [Pl. Memo. at 3 n. 3.]

*SEC v. Thomas,* 116 F.R.D. 230, 234–35 (D.Utah 1987).

 Finally, Defendant argues that this Court has no power to compel him to attend a deposition. This is incorrect. A Magistrate Judge's authority is governed by statute and turns on whether a matter is deemed "dispositive" or "non-dispositive." *See* 28 U.S.C. § 636(b); Fed.R.Civ.P. 72; *Grimes v. City and County of San Francisco,* 951 F.2d 236, 240 (9th Cir.1991). If a matter is dispositive, the Magistrate Judge must enter a "recommendation for disposition of the matter" to the District Court. 28 U.S.C. § 636(b); Fed.R.Civ.P. 72(b). If a matter is non-dispositive, the Magistrate Judge may issue a written order deciding the matter herself. Fed.R.Civ.P. 72(a). The District Court defers to the Magistrate Judge's order on a non-dispositive matter unless it is clearly erroneous or contrary to the law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Pretrial discovery matters are considered non-dispositive, and Magistrate Judges therefore possess authority to enter orders resolving discovery disputes. *Grimes,* 951 F.2d at 240; *Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir.1991); *Green v. Baca,* 219 F.R.D. 485, 488–89 (C.D.Cal.2003); *FDIC v. Fidelity & Deposit Co. of Maryland,* 196 F.R.D. 375, 378 (S.D.Cal.2000). Magistrate Judges can also impose sanctions to enforce compliance with a discovery order. *Grimes,* 951 F.2d at 241; *Bhan,* 929 F.2d at 1414. Therefore, this Court has authority, and intends to exercise its authority, to compel Defendant to meet his discovery obligations under the Federal Rules. Defendant is correct that Magistrate Judges also may proceed by consent of the parties, *see* 28 U.S.C. § 636(c), but for purposes of this discovery order, Defendant's lack of consent is irrelevant.[2]

In short, Plaintiff is entitled to conduct Defendant's deposition, and Defendant has failed to raise any meritorious argument as to why his deposition should not be taken. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel is **GRANTED.** *No later than November 30, 2005* Defendant Christopher M. Hansen shall submit himself to a deposition at a location designated by Plaintiff's counsel. The parties shall cooperate to find a mutually agreeable date and time for the deposition. *The failure of Defendant to submit to a deposition in compliance with this Order will be grounds for the imposition of sanctions under Rule 37, which may include monetary sanctions, exclusion of evidence, or entry of default judgment.*

Because Defendant has been uncooperative with Plaintiff's discovery efforts to date, the Court finds it necessary to set forth additional requirements regarding his conduct at the deposition. *See Hall v. Clifton Precision,* 150 F.R.D. 525, 526–27 (E.D.Pa.1993) (observing that court is vested with broad authority and discretion to control discovery, including the conduct of depositions). Accordingly,

**IT IS FURTHER ORDERED:**

1. Defendant is not permitted to bring any "witnesses" to the deposition. The Court agrees with Plaintiff that the presence of such witnesses will not be productive and will likely disrupt the proceedings.

2. Prior to questioning, Defendant shall take an oath in which he agrees to truthfully answer the questions posed to him. *See* Fed.R.Civ.P. 30(c).

3. Defendant may answer questions subject to relevancy or other evidentiary objections, but he must answer the questions. *See* Fed.R.Civ.P. 30(c). There is no basis in the Federal Rules for Defendant to decline to answer questions related to a topic he personally deems irrelevant. Any objection made by Defendant shall be stated concisely and in a non-argumentative manner. *See* Fed.R.Civ.P. 30(d)(1).

4. If after listening to a question, Defendant has reasonable cause to believe a direct answer implicates his Fifth Amendment privilege, he may invoke the privilege on a question-by-question basis. The Court will be the final arbiter of whether invocation of the privilege is warranted. An objection based

---

2. The Court also notes that the District Court previously denied Defendant's request to have this Court "removed" from the case. [Dkt. No. 20 at 4–5.]

on a claim of privilege should, without revealing the privileged information, state the basis for the claim of privilege on the record. *See* Fed.R.Civ.P. 26(b)(5). Information is privileged if it is protected from disclosure by any privilege established by the United States or a state Constitution, statute, rule or the common law.

5. Defendant shall otherwise comply with the Federal Rules and shall comport himself in a civilized manner during the deposition. *See* Local Rule 83.11(a).

6. *Defendant's failure to comply with the terms of this Order will be grounds for sanctions, including but not limited to monetary sanctions, restrictions on the introduction of evidence at trial, or judgment by default. See Fed.R.Civ.P. 37.*

IT IS SO ORDERED.