**In re FOLDING CARTON ANTITRUST LITIGATION.**

**No. MDL 250.**

United States District Court,
N. D. Illinois, E. D.

Aug. 30, 1977.

Perry Goldberg, Co-Chairman, Plaintiffs' Executive Committee, Specks & Goldberg, Ltd., Chicago, Ill., Lee A. Freeman, Sr., Co-Chairman, Plaintiffs' Executive Committee, Freeman, Rothe, Freeman & Salzman, Chicago, Ill., James B. Sloan, Plaintiffs' Coordinating Secretary, Sloan & Connelly, Chicago, Ill., for plaintiffs.

John J. McHugh, Chairman, Defendants' Executive Committee, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., Donald G. Kempf, Jr., Co-Chairman, Defendants' Executive Committee, Kirkland & Ellis, Chicago, Ill., Roger B. Harris, Defendants' Coordinating Secretary, Altheimer & Gray, Chicago, Ill., for defendants.

Before ROBSON, Senior District Judge and WILL, District Judge.

PRETRIAL ORDER NO. 22

MEMORANDUM AND ORDER

This cause is before the court on the motion of plaintiffs' to compel certain de-

fendants to answer plaintiffs' interrogatories 6 and 7. For the reasons hereinafter stated, the motion is granted.

The interrogatories at issue are as follows:

## INTERROGATORY NO. 6

Describe each meeting attended by any of your officers, agents or employees which was also attended by any officer, agent or employee of any competitor and/or defendant at which there was any discussion, formal or informal, relating to prices, price lists, price quotes, market prices, discounts, allowances, lost business, future business, past transactions, allocation of business, allocation of territories, allocation of customers, allocation of sales, allocation of products, market conditions, market activities, terms and conditions of sale, bids, negotiations, distributors', wholesalers', agents', jobbers', or brokers' commissions or rebates, or prices or terms and conditions of sale, compensation or resale prices, transportation, freight rates, prepaid freight applications, freight zones, location of customers with respect to freight rates or zones; passing on to customer or absorbing freight or taxes, changes in freight or taxes, and/or quantity of product produced, with respect to folding paperboard cartons.

## INTERROGATORY NO. 7

Describe each instance in which your officers, agents, or employees checked by telephone, personal discussion or otherwise with any competitor or defendant concerning the establishment, enforcement, or deviations from policies relating to folding paperboard cartons and regarding:

a. Base prices, prices, quotations, pricing and/or price schedules, and/or discounts therefrom and/or allowances; and/or

b. Territory and/or market allocations; and/or

c. Customer and/or job allocations; and/or

d. Location and/or identity of present or prospective customers.

Defendants argue that plaintiffs' motion to compel answers to these interrogatories should be denied because:

1. the interrogatories are beyond the proper scope of interrogatories as previously delineated by this court;

2. answering them places an undue burden on each defendant to interview innumerable witnesses in order to create what amounts to work product for the plaintiffs; and

3. depositions of present and past employees already identified are the more appropriate way to obtain the requested information so that the Fifth Amendment privilege can be raised and a record made in an orderly fashion.

In their reply memorandum in support of their motion, plaintiffs argue that their motion should be granted because:

1. the interrogatories seek probative information designed to elicit the names of possible deponents and to narrow the issues;

2. the obligation to answer the interrogatories cannot be avoided by meritless claims of work-product privilege or burden;

3. the corporate defendants cannot raise the Fifth Amendment privilege on behalf of their present or former employees;

4. the information sought in interrogatories 6 and 7 cannot be obtained through depositions since the witnesses thus far deposed have been instructed to refuse to answer on Fifth Amendment privilege grounds; and

5. the Appendix of Materials attached to the *Manual for Complex Litigation* suggests interrogatories very similar to those propounded.

Having considered the motion, the memoranda and arguments of counsel, and the

established legal principles, the court concludes that plaintiffs' motion should be granted.

■ It should first be noted that the interrogatories are classic first-wave discovery. They seek information as to the identity of events and the individuals participating in them which is necessary as a prelude to second-wave depositions of the identified individuals. They are clearly within the scope of first-wave discovery previously delineated by the court.

Nor are they unduly burdensome. The more events and the more individuals involved, of course, the more burdensome answering the interrogatories will be. It can hardly be seriously contended, however, that the volume of possibly illegal activity at some point becomes so great as to make its disclosure unreasonably burdensome. The degree of burden will depend on the extent of the various defendants' activities and not on the interrogatories.

■ Defendants further urge that the interrogatories should not be answered but plaintiffs should be required to obtain the requested information through depositions so that individual deponents can, as they already have, refuse to answer the questions or give the requested information on Fifth Amendment grounds. The speciousness of this contention is obvious. Defendants are well aware, and do not contend to the contrary, that no Fifth Amendment privilege is available to the corporate defendants to whom the interrogatories are directed. *See United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *Campbell Painting Corp. v. Reid*, 392 U.S. 286, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1968); *United States v. White*, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). Accordingly, the information sought by the interrogatories may not be withheld on grounds of corporate privilege against self-incrimination.

■ Defense counsel urge, however, that they face a conflict between representing the corporate defendants and their "duty to keep employees informed of their right to refuse to answer." The short answer to that contention is that corporate counsel should not represent individual employees if there is any conflict, as innumerable cases have held.

Finally, they suggest without stating unequivocally, that there may be difficulty in finding officers or employees who can sign the answers to the interrogatories without incriminating themselves. Alternatively, they assert that any person who could sign would not have personal knowledge of the facts.

As plaintiffs point out in their brief, the Federal Rules of Civil Procedure do not contemplate that the corporate officer or employee responding to the interrogatories have first-hand personal knowledge of all the facts reflected in the answers. This would obviously be impossible in most corporations since no one officer or employee has first-hand personal knowledge of what all the other officers and employees do in the day-to-day conduct of a corporation's business. The rules require that the corporation select an officer or employee to gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the interrogatories and sign them on behalf of the corporation not himself. *See United States v. 42 Jars, Etc.*, 162 F.Supp. 944 (D.N.J. 1958), *aff'd*, 264 F.2d 666 (3d Cir. 1959).

■ A corporate officer or employee, like any other individual, has no privilege against some other person producing incriminating evidence against him. The privilege is against compulsory self-incrimination only. Defendants' contention would result in corporations and corporate directors, officers and employees having a privilege against discovery of incriminating evidence against them available to no other persons.

It is particularly specious for defendants to urge that plaintiffs should seek to obtain the information through depositions when they are well aware that many of the depo-

nents have in the past and will in the future, at least initially, refuse to answer the questions. In all fairness, they virtually concede that plaintiffs will not secure the sought for information at depositions and that the objective of their contentions really is to prevent disclosure of what is clearly relevant information.

For the reasons stated, it is therefore ordered that plaintiffs' motion to compel defendants to answer interrogatories 6 and 7 is granted.

It is further ordered that defendants answer interrogatories 6 and 7 within 30 days of the date of this Order.