**In re POTASH ANTITRUST LITIGATION.**

MDL No. 981.
Civ. No. 3–93–197.

United States District Court,
D. Minnesota,
Third Division.

April 24, 1995.

406

Mark Reinhardt, Reinhardt & Anderson, St. Paul, MN, Orrin S. Estebo, Estebo Schnobrich Frank & Solie, Redwood Falls, MN, Warren Rubin, Gross Sklar & Metzger, Philadelphia, PA, Michael J. Freed, Much Shelist Freed Denenberg Ament & Eiger, Chicago, IL, Joseph Goldberg, Freedman Boyd & Daniels, Albuquerque, NM, James D. Sonda, James W. Rankin, Alex Dimitrief, L. Roger Boord, Kirkland & Ellis, Chicago, IL, Jack Weston Hanson, Hanson & Assoc., Minneapolis, MN, Lynn L. Sarko, Keller Rohrback, Seattle, WA, Steve W. Berman, Hagens & Berman, Seattle, WA, Thomas J. Potter, Ludens Potter & Burch, Morrison, IL, Francis O. Scarpulla, Scarpulla Law Office, San Francisco, CA, Vernon N. Reaser, Reaser & Wall, Victoria, TX, Joel C. Meredith, Meredith & Cohen, Philadelphia, PA, Robert N. Kaplan, Kaplan & Kilsheimer,

New York City, Charles R. Watkins, Susman Saunders & Buehler, Chicago, IL, Eugene A. Spector, Mark S. Goldman, Paul J. Scarlato, Spector & Roseman, Philadelphia, PA, Eric D. Freed, Freed Law Office, Los Angeles, CA, for Blomkest Fertilizer, Inc.

Lynn L. Sarko, Seattle, WA, Charles R. Watkins, Susman Saunders & Buehler, Chicago, IL, for Hahnaman Albrecht, Inc.

Charles Harley Johnson, Johnson & Assoc., St. Paul, MN, Mark Reinhardt, Reinhardt & Anderson, St. Paul, MN, for John Peterson.

Elliot S. Kaplan, Linda S. Foreman, Lateesa Thamani Agunbiade, Robins Kaplan Miller & Ciresi, Minneapolis, MN, Joseph W. Cotchett, Susan Y. Illston, Mark D. Eibert, John L. Fitzgerald, Cotchett Illston & Pitre, Burlingame, CA, Arthur N. Bailey, Bailey Law Office, Jamestown, NY, Leonard B. Simon, Dennis Stewart, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA, for Laing–Gro Fertilizers, Inc.

Joseph Goldberg, Freedman Boyd & Daniels, Albuquerque, NM, John P. Bailey, Bailey Law Office, Bemidji, MN, James S. Bailey, Jr., Bailey Harring & Peterson, Denver, CO, for Clearbrook A.G. Service, Inc.

James B. Sloan, Pedersen & Houpt, Chicago, IL, William T. Gotfryd, Gotfryd Law Office, Chicago, IL, for Reamford Liquid Fertilizer Inc.

James B. Sloan, Pedersen & Houpt, Chicago, IL, William T. Gotfryd, Gotfryd Law Office, Chicago, IL, Eliot Norman, Thompson & McMullan, Richmond, VA, for Tolley's Inc., James River Farm Service Inc.

Mark C. Rifkin, Greenfield & Rifkin, Haverford, PA, Patrick J. Grannan, Chimicles Burt Jacobsen & McNew, Los Angeles, CA, C. Oliver Burt, III, Chimicles Jacobson & Tikellis, Haverford, PA, Eugene Mikolajczyk, Prongay & Mikolajczyk, Pacific Palisades, CA, for Angela Coleman

Linda S. Foreman, Robins Kaplan Miller & Ciresi, Minneapolis, MN, Joseph W.

Cotchett, Mark D. Eibert, Ruth Silver Taube, Jack P. Hug, Cotchett Illston & Pitre, Burlingame, CA, Arthur N. Bailey, Bailey Law Office, Jamestown, NY, for A.G. Network, Inc.

Mark Reinhardt, Harvey H. Eckart, Reinhardt & Anderson, St. Paul, MN, Fredric N. Goldberg, Mika Meyers Beckett & Jones, Grand Rapids, MI, Eugene A. Spector, Mark S. Goldman, Spector & Roseman, Philadelphia, PA, Eric D. Freed, Freed Law Office, Los Angeles, CA, for Marcelline Farm Supply, Inc.

Jerome B. Pederson, Fredrikson & Byron, Minneapolis, MN, Michael Evan Jaffe, Arent Fox Kintner Plotkin & Kahn, Washington, DC, George S. Cary, Irell & Manella, Newport Beach, CA, for Potash Corp. of Saskatchewan, Inc.

Jerome B. Pederson, Fredrikson & Byron, Minneapolis, MN, Michael Evan Jaffe, Eugene J. Meigher, James P. Mercurio, Gerald Zingone, Arent Fox Kintner Plotkin & Kahn, Washington, DC, for Potash Corp. of Saskatchewan Sales, Ltd.

Leon R. Goodrich, Oppenheimer Wolff & Donnelly, St. Paul, MN, Victor S. Friedman, Fried Frank Harris Shriver & Jacobson, New York City, Stephen D. Alexander, Fried Frank Harris Shriver & Jacobson, Los Angeles, CA, for Potash Co. of America, Inc.

Gordon Gene Busdicker, John Dwyer French, Faegre & Benson, Minneapolis, MN, Richard J. Favretto, Marc Gary, Kerry Lynn Edwards, Lawrence S. Robbins, Mayer Brown & Platt, Washington, DC, for IMC Fertilizer Group, Inc.

Roger B. Harris, Julie Ann Swanson, Altheimer & Gray, Chicago, IL, Douglas E. Rosenthal, Amy L. Bess, Sonnenschein Nath & Rosenthal, Washington, DC, for Kalium Chemicals Ltd.

Douglas E. Rosenthal, Amy L. Bess, Sonnenschein Nath & Rosenthal, Washington, DC, for Kalium Canada, Ltd.

Bradley Grayson Clary, Oppenheimer Wolff & Donnelly, St. Paul, MN, David C. Gustman, William C. Holmes, Freeborn & Peters, Chicago, IL, for Noranda Minerals Inc.

Leon R. Goodrich, Oppenheimer Wolff & Donnelly, St. Paul, MN, David C. Gustman,

Freeborn & Peters, Chicago, IL, for Central Canada Potash Co., Noranda Sales Corp.

Gerald A. Connell, Baker & Hostetler, Washington, DC, Ralph Zarefsky, Baker & Hostetler, Los Angeles, CA, for Cominco, Ltd., Cominco American Inc.

Carol Alice Peterson, Dorsey & Whitney, Minneapolis, MN, Wayne A. Cross, Erin L. Ringham, Dewey Ballantine, New York City, Mark Crane, Hopkins & Sutter, Chicago, IL, Stephen A. Marshall, Rubin Baum Levin Constant & Friedman, New York City, for Mississippi Chemical Corp.

Carol Alice Peterson, Dorsey & Whitney, Minneapolis, MN, Stephen A. Marshall, Martin P. Michael, Rubin Baum Levin Constant & Friedman, New York City, for Eddy Potash, Inc.

Carol Alice Peterson, Dorsey & Whitney, Minneapolis, MN, Wayne A. Cross, New York City, Stephen A. Marshall, Martin P. Michael, Rubin Baum Levin Constant & Friedman, New York City, Robert Shelley Draper, O'Melveny & Myers, Los Angeles, CA, for New Mexico Potash Corp.

Victor S. Friedman, Fried Frank Harris Shriver & Jacobson, New York City, for Rio Algom, Ltd.

Scott Kimrey Goldsmith, Frank Alan Taylor, Popham Haik Schnobrich & Kaufman, Minneapolis, MN, for PPG Canada Ltd., PPG Indus. Inc.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the following Motions of the parties:

1. The Plaintiffs' Motion for the issuance of letters rogatory.

2. The Plaintiffs' Motion to Compel the Defendants to respond to their Interrogatories numbered 5, 6 and 7, and their Requests for Production of Documents numbered 30 and 31.[1]

3. The Defendants Motion for a Protective Order to preclude the taking of the deposition of Keith Barton.

4. The PPG Defendants' Motion to Compel the Plaintiff John Peterson, d/b/a Almelund Feed & Grain, to more fully respond to its Request for Admissions and Interrogatories.

A Hearing on these Motions was conducted on April 13, 1995,[2] at which time the Plaintiffs appeared by Mark Reinhardt and Joel C. Meredith, Esqs.; the Defendants jointly appeared by David C. Gustman, Gerald Zingone, Richard J. Favretto, Michael Evan Jaffe, Esqs.; and the PPG Defendants appeared by Frank A. Taylor, Esq.

For reasons which follow, we substantially grant the Plaintiff's request for letters rogatory and their Motion to Compel, we grant the Defendants' Motion for a Protective Order, and we deny, as moot, the Motion of the PPG Defendants to compel.[3]

### II. *Discussion*

By prior Order of this Court, and with the concurrence of the Defendants, the Court

---

1. The parties have advised that a consensus was reached as to the Plaintiffs' Request for the Production of Documents and, therefore, our discussion is limited to the Plaintiffs' Interrogatories which have remained in dispute.

2. During the course of the Hearing, we expressed our preliminary rulings on the Motions and directed counsel to meet and confer in order to resolve any differences in the verbiage of the Plaintiff's discovery requests. Following the Hearing, counsel requested leave to file their post-Hearing submissions by no later than April 21, 1995. We are now in receipt of letter briefs

from the opposing interests, and the matter is now ripe for determination.

3. As best as we can tell, the PPG Defendants noted these Motions in order to denote that, at the time that the Motions were filed and heard, the extent of the Plaintiff's responsive information had been disclosed in its responses to the PPG Defendants' discovery requests. Since the Plaintiff has advised that full responses have been provided, on the basis of currently known information, we deny the PPG Defendants' Motions to Compel as moot.

limited the total number of depositions to be taken by the opposing parties. Unless subsequently modified, the Plaintiffs are limited to a total of 50 depositions and, understandably, the Plaintiffs have no desire to needlessly expend the limited number of their depositions to the discovery of information that can be readily ascertained by less expensive means. As a consequence, the Plaintiffs have formulated Interrogatories 5, 6 and 7, to identify any key officials of the Defendants who may have been engaged in meetings which had a price-fixing motivation. As originally framed, however, Interrogatories 5, 6 and 7 were unduly expansive and would have required the Defendants to engage in a discovery exercise that would have been both unnecessarily burdensome and unproductive. Quite properly, the Defendants objected to the initial scope of Interrogatories 5, 6 and 7.

■ Upon further remolding, however, the Plaintiffs have attempted to limit their discovery and, we think, they have appropriately restricted their factual inquiries to fall within manageable limits. Contrary to the position espoused by the Defendants, we view discovery, via Interrogatories, to serve a proper function in avoiding unfruitful depositions, in inexpensively narrowing the areas of discovery, in minimizing delay, and in narrowing the issues for Trial. See, e.g., *Compagnie Francaise D'Assurance v. Phillips Petroleum Company,* 105 F.R.D. 16, 43 (S.D.N.Y.1984). Accordingly, we reject the Defendants' prodding to direct the Plaintiffs to exhaust their depositional discovery in determining who among the Defendants' officers, directors and employees may have conferred in an effort to fix the price of potash in the United States' market. In this respect, we agree with the Courts which have preceded us in recognizing the superiority of Interrogatories in effectively ferreting out information that could be ascertained by the more invasive and costly means of a deposition—at least as a classic instrument of first-wave discovery. See, e.g., *In re Shopping Carts Antitrust Litigation,* 95 F.R.D. 299, 307 (S.D.N.Y.1982);[4] *Casson Const. Co., Inc. v. Armco Steel Corp.,* 91 F.R.D. 376, 380–81 (D.Kan.1980); *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 417, 419 (N.D.Ill. 1977).

■ We also reject the Defendants' view that the Plaintiffs be limited to discovering only those communications which have been exchanged by and between the Defendants. While such a restriction may well be appropriate for admissibility purposes, at the time of Trial, our analysis at this stage of the case is not driven by issues of admissibility, but by fairly minimalistic precepts of relevancy. As a consequence, we view the Plaintiffs' proposed reworking of their Interrogatories 5, 6 and 7 as an appropriate exercise of their legitimate discovery interests, and as not contravening the Defendants' proper concern for burdensome or oppressive discovery. Accordingly, we adopt the versions of Interrogatories 5, 6 and 7 which have been promoted by the Plaintiffs.[5]

4. As the Court noted in *In re Shopping Carts Antitrust Litigation,* 95 F.R.D. 299, 307 (S.D.N.Y. 1982):

Providing the information by interrogatories may effect judicial economy and economic savings to the parties. Plaintiffs will know whom they have to depose; unnecessary depositions may be avoided; information which might not be obtained by deposing a few individuals may be obtained from the corporate defendants; important conversations, communications and documents will be highlighted; delay may be avoided; and the issues for trial may be narrowed.

5. As a consequence, the Defendants shall answer each of the following Interrogatories:

*Interrogatory No. 5:* List every meeting attended by any of your "key individuals" (any directors, officers, agents or employees who have the power and authority to set, alter or amend prices), which was also attended by any director, officer, agent or employee of any other producer of potash sold in the United States at which there was any communication, formal or informal, concerning or referring or relating to prices or pricing (including, but not limited to, discounts), or terms or conditions of sale, or allocation of sales or customers or levels of potash supply in the United States and for each meeting state:

a. the date of the meeting;
b. the subject matter of the meeting;
c. the names and last know business and residence address of each participant in the meeting; and
d. the names and last known business and residence address of each person having knowledge of the meeting.

*Interrogatory No. 6:* To the extent not set forth in your answer to Interrogatory No. 5, state

■ With respect to the letters rogatory, we are satisfied that the Plaintiffs are entitled to request the production of documents incident to the taking of the deposition of Steven Dechka ("Dechka"), who serves as the President of Canpotex. As we stated at the time of the Hearing, we are satisfied that the Courts of Canada will extend the full faith and credit to our Letter of Request that they would expect our Court to extend to theirs. Further, we find that the Plaintiffs have satisfied the minimal threshold of relevance, for discovery purposes, in seeking to investigate the involvement, if any, of Canpotex in the pricing of potash in the United States. To that extent, the ownership, organizational structure, and the influence and control of Canpotex over the potash market in the United States may be explored by the Plaintiffs during the deposition of Dechka.

■ Lastly, we regard the Plaintiffs' interest in noting the deposition of Keith Barton ("Barton") to precipitously approach an ill-considered dismissal of the District Court's prior Orders in this matter. Given the dialectic which occurred with Plaintiffs' counsel at the Hearing in this matter, we are satisfied that any effort to depose Barton would seriously jeopardize the cleansing impact that the Court's previous disqualification Orders were designed to effectuate. As the cases relied upon by the District Court evidence, the taint of professional indiscretion, if not woeful misconduct, cannot be compartmentalized such that the offending personage will be able to testify to that which is not

privileged while preserving the confidences that his profession dictates. See, e.g., *MacDonald Estate v. Martin* [1990] 77 D.L.R. (4th) 249 (Can.). Absent compelling cause, which the Plaintiffs have failed to establish, we have no basis to believe that the amalgam of Barton's knowledge of the potash industry can be reliably balkanized into privileged and non-privileged compartments. Accordingly, we grant the Defendants' Motion for a Protective Order, to preclude the taking of Barton's deposition, but without prejudice to the Plaintiffs' right to seek leave to depose Barton upon a proper showing.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiffs' Motion for the Court to issue a Letter of Request to the Court of Queen's Bench for Saskatchewan [Docket No. 369a] is GRANTED.

2. That the Plaintiffs' Motion to Compel responses to their Interrogatories numbered 5, 6 and 7, and to their Requests for Production of Documents numbered 30 and 31 [Docket No. 373], are GRANTED in part and DENIED in part.

3. That the Defendants' Motion for a Protective Order to preclude the Plaintiffs from taking the deposition of Keith Barton [Docket No. 376] is GRANTED.

4. That the PPG Defendants' Motion to Compel the Plaintiff John Peterson, d/b/a Almelund Feed & Grain, to further respond

---

whether any of your key individuals had any telephone or other oral or written communication with any director, officer, agent or employee of any other producer of potash sold in the United States concerning or relating to prices or pricing, or terms or conditions of sale (including, but not limited to, discounts), or allocation of sales or customers or levels of potash supply in the United States. If so, set forth the following information:
  a. the date of the communication;
  b. the subject matter of the meeting;
  c. the type of communication (i.e., telephone, telegram, mail, etc.);
  d. the names and last known business and residence address of each participant in the communication; and
  e. the names and last known business and residence address of each person having knowledge of the communication.

*Interrogatory No. 7:* If you know or have knowledge of the occurrence of any meeting or discussion such as are referred to in Interrogatory Nos. 5 and 6, attended by other potash producers, whether or not attended by you, as to each such meeting or discussion, state the information requested by these Interrogatories. To the extent that you cannot state the specific information requested, with respect to each such other meeting or discussion, state the best information which you have on the subject, including the best approximation of dates.

In so holding, we reiterate what we stated at the time of the Hearing in this matter; namely, that the scope of discovery remains subject to the Court's prior definition of "U.S. sales."

to their discovery requests [Docket No. 385] is DENIED as moot.