**Ivette JIMINEZ–CARILLO, Plaintiff,**

v.

**AUTOPART INTERNATIONAL, INC., & Ari Fleet Lt, Defendants.**

**No. 12–21522–CIV.**

United States District Court, S.D. Florida.

Aug. 22, 2012.

---

Marcus John Susen, Daniel Louis Koch, Koch Parafinczuk & Wolf, P.A., Ft. Lauderdale, FL, for Plaintiff.

Michele Aimee Vargas, Emmet Jay Schwartzman, Carlton Fields, P.A., Miami, FL, for Defendants.

## ORDER

EDWIN G. TORRES, United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion to Compel Depositions [D.E. 36], to which Defendants responded in opposition, and Plaintiff replied. Upon review of the record and supporting materials on the motion, the motion is Denied without prejudice.

1. Plaintiff's motion seeks to depose two corporate officers who verified sworn interrogatory answers on behalf of each Defendant corporation. In reliance on that fact, Plaintiff served notices of deposition for the two officers, arguing that they should have knowledge of the incident at issue or at least "they have personal knowledge as to the responses they provided or other areas of inquiry that may lead to relevant evidence, such as certain policies and procedures, who they spoke to when responding to the interrogatories (other than their attorney), and the other documents they referred to in their responses." [D.E. 44].

2. Defendants object to the scheduling of these depositions because the named officers are high ranking executives of the Defendants' parent entity and have filed declarations attesting to the fact that they have no personal knowledge of any of the facts relevant to the Plaintiff's complaint for personal injuries.

3. The Court's review of the caselaw shows that the only purported reason for these depositions, in the face of the witnesses' declaration, is not very compelling. It is well established that a person who verifies an interrogatory answer need not have any personal knowledge of the facts submitted. *See, e.g., Abrams v. Ciba Specialty Chem. Corp.,* 265 F.R.D. 585, 587–88 (S.D.Ala.2010) (denying motion for sanctions and to compel further depositions because corporate officers who verified interrogatory answers lacked personal knowledge). As the D.C. Circuit Court of Appeals put it:

Federal Rule 33 expressly permits a party representative of a corporate party to verify the corporation's answers with personal knowledge of every response by "furnishing such information as is available to the party." Fed.R.Civ.P. 33(a) (emphasis added); *see, e.g. General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1210 (8th Cir.1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); *United States v. 42 Jars,* 264 F.2d 666, 670 (3rd Cir.1959); *Chapman & Cole v. Itel Container Int'l B.V.,* 116 F.R.D. 550, 558 (S.D.Texas 1987), *aff'd,* 865 F.2d 676 (5th Cir.), *cert. denied,* 493 U.S. 872, 110 S.Ct. 201, 107 L.Ed.2d 155 (1989); *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 417, 419 (N.D.Ill.1977). Of course, the representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate. *See Folding Carton,* 76 F.R.D. at 419. The representative may accomplish this through whatever internal process the corporation has chosen, including discussions with counsel. *Cf. Wilson* [*v. Volkswagen of America, Inc.*], 561 F.2d [494,] at 508 [ (4th Cir.1977) ] (corporate attorneys authorized to sign corporation's interrogatory responses.)

*Shepherd v. American Broadcasting Cos., Inc.,* 62 F.3d 1469, 1482 (D.C.Cir.1995).

■ 4. On the face of this record, therefore, Defendant has shown good cause, as required by Rule 26(c), why these depositions may not be required simply because these officers verified the interrogatory answers. Moreover, Defendant has also shown that a protective order is also proper because high-ranking corporate officers, who lack personal knowledge of the particular facts involved in a case against the corporation, need not be deposed. *See, e.g., Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979) (upholding protective order in a wrongful death action against a drug manufacturer that barred the deposition of the defendant's president because he was extremely busy and lacked direct knowledge of facts in dispute, and other employees had more direct knowledge), *cited in Thomas v. Int'l Bus. Machines,* 48 F.3d 478, 483 (10th Cir.1995) (barring deposi-

tion of executive because, among other reasons, he lacked personal knowledge).

■ 5. At the same time, the Court recognizes that the burden of showing good cause to preclude a deposition altogether is a heavy one. *See, e.g., West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. 301, 302 (S.D.Fla.1990) (protective orders totally prohibiting a deposition are rarely granted absent extraordinary circumstances).

6. On balance, the record supports Defendants' position that these depositions should not be necessary. Given the declarations attesting that these officers (who are responsible for risk assessment duties and not operational duties relevant to this particular case) have no relevant personal knowledge and will not be called as witnesses for the Defendants at trial, the Court will rely on such representations and preclude the depositions from taking place. Plaintiff shall instead depose those persons known to have personal knowledge as well as the Defendants' corporate representative(s) with respect to the issues and answers provided in the interrogatory answers. Only after such depositions are taken will the Plaintiff be able to try and convince the Court why this case presents an exception to these general principles and compel these particular corporate officers to testify. Plaintiff will have to demonstrate, however, that more is required than simply a window into the Defendants' internal interrogatory answer processes. As things stand now, the motion to compel is due to be denied under Rule 26.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Depositions [D.E. 36] is **DENIED** without prejudice.