N.F.A. CORP., Plaintiff,

v.

RIVERVIEW NARROW FABRICS, INC., Defendant.

No. C–85–1281–G.

United States District Court, M.D. North Carolina, Greensboro Division.

Aug. 12, 1987.
As Corrected Aug. 27, 1987.

Ellis B. Drew, III, Michael E. Ray, Womble Carlyle Sandridge & Rice, Winston-Salem, N.C., George L. Greenfield, Lawrence M. Green, Boston, Mass., for plaintiff.

Francis M. Pinckney, Karl S. Sawyer, Jr., Charlotte, N.C., for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

Plaintiff seeks a protective order pursuant to Rule 26(c), Fed.R.Civ.P., to prevent defendant from deposing its patent attorney, Lawrence Green. Plaintiff alleges that defendant has no legitimate purpose in seeking the deposition and is using it in an attempt to harass or retaliate because of plaintiff's request to depose defendant's counsel.

Plaintiff instituted this patent infringement action in order to protect its patented elastic embedded pull cord. In interrogatories, defendant declares its intention to rely on the advice and opinion letters from its attorney, Mr. Pinckney, as a defense to plaintiff's claim of willful infringement. Plaintiff has noticed Mr. Pinckney's deposition. Meanwhile, during the deposition of plaintiff's president, it was discovered that he and Mr. Green submitted declarations in a "Petition to Make Special" which requested expedited consideration of the 1983 patent application because plaintiff felt its invention was being infringed by a third-party. Mr. Green expressed his opinion that the product was patentable over prior art and that he compared the third-party fabrics with plaintiff's and found that at least some of the patent claims were being infringed. Nevertheless, the patent examiner found plaintiff's claims unpatentable because they were said to be no more than an obvious variation of elastic waistbands shown by a prior patent. Plaintiff then filed an amendment to its patent application, limiting the original claims. The amendment included argument by Mr. Green. The patent was granted.

Defendant's defense is that its waistband does not embody the limitations on the claims which were added by Mr. Green in order to overcome the patent examiner's rejection of the original claim. Defendant wants to depose Mr. Green to explore why plaintiff and he allegedly changed their position when they first said the original claims were valid but later submitted limiting amendments. In addition, defendant states that it may have copied the waistband manufactured by the third-party which Mr. Green referred to in his "Make Special" declaration. Defendant would like to have Mr. Green examine the third-party sample and its sample to see if there are any differences and if none, this would show defendant's product is not infringing. Finally, defendant points out that plaintiff has waived any attorney-client privilege in the Green opinion since it was published in the Patent Office and also plaintiff's president referred to it in his deposition. For the moment, defendant would be satisfied with limiting its examination to matters arising out of Mr. Green's opinion set forth in the "Make Special" declaration. Plaintiff replies that the protective order should forbid any deposition because the information would either be irrelevant or protected by the attorney work product doctrine.

### Discussion

In general, protective orders totally prohibiting a deposition should be rarely granted absent extraordinary circumstances. *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C.1987), and cases cited therein. A request to take the deposition of a party's attorney, however, constitutes a circumstance justifying departure from the normal rule.

This exception for attorneys originates from the practical considerations of experience. It is not found in either federal statutes or rules. Nothing in Rule 30(c), Fed.R.Civ.P., exempts a party's attorney from being subject to a deposition. *Dowd v. Calabrese*, 101 F.R.D. 427, 439 (D.C.Cir. 1984); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 437 (E.D.

Pa.1981); *Walker v. United Parcel Services*, 87 F.R.D. 360 (E.D.Pa.1980). While the Federal Rules do not prohibit the deposition of a party's attorney, experience teaches that countenancing unbridled depositions of attorneys constitutes an invitation to delay, disruption of the case, harassment, and perhaps disqualification of the attorney. *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. at 437–39; *Walker v. United Parcel Services*, 87 F.R.D. 360. In addition to disrupting the adversarial system, such depositions have a tendency to lower the standards of the profession, unduly add to the costs and time spent in litigation, personally burden the attorney in question, and create a chilling effect between the attorney and client. *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986). For these reasons, it is appropriate to require the party seeking to depose an attorney to establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome.

■ Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed.R.Civ.P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition. This procedure is superior to requiring the attorney to submit to a deposition and make his objections at that time.[1] Sometimes there are very legitimate reasons for deposing a party's attorney.[2] More often deposition of the attorney merely embroils the parties and the court in controversies over the attorney-client privilege and more importantly, involves forays into the area most protected by the work product doctrine—that involving an attorney's mental impressions or opinions. *Shelton v. American Motors Corp.*, 805 F.2d at 1327.

■ Rule 26(b)(3), Fed.R.Civ.P., provides near absolute protection of an attorney's mental impressions or opinion work product. *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974), *cert. denied*, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975). The primary exception to this near complete protection arises when a party affirmatively raises an issue which involves reliance upon the attorney's advice.[3] *Duplan Corp.*, 509 F.2d at 735; *Coleco Industries, Inc. v. Universal City Studios*, 110 F.R.D. 688, 690–91 (S.D.N.Y.1986) (collecting cases); *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D.Fla.1980) (factors); and *Kockums Industries v. Salem Equipment*, 561 F.Supp. 168, 172–73 (D.Ore.1983) (the advice need only be an issue in the case—collecting cases). However, absent an attorney's advice being made an issue in the case, courts should exercise great care before permitting the deposition of an attorney inasmuch as even seemingly innocent questions, such as the existence or nonexistence of documents or queries concerning which documents counsel has se-

---

1. The Court declines to follow those cases which hold that a motion for a protective order or a motion to quash is prematurely made prior to the deposition and that the attorney must raise his particular objections at the deposition. *Hunt Intern. Resources Corp. v. Binstein*, 98 F.R.D. 689 (N.D.Ill.1983); and *Scovill Manufacturing Company v. Sunbeam Corporation*, 61 F.R.D. 598, 603 (D.Del.1973).

2. Examples where deposition of an attorney is both necessary and appropriate are as follows. The attorney may be a fact witness, such as an actor or a viewer. *Levingston v. Allis-Chalmers Corp.*, 109 F.R.D. 546, 550 (S.D.Miss.1985); *Sullivan v. Stefanik*, 605 F.Supp. 258 (D.Ill.1985) (deposition of assistant district attorney to reconstruct missing preliminary hearing record). The attorney may be the person with the best information concerning non-privileged matters relevant to a lawsuit, such as for example, the nature and dates of services he rendered and the fees and expenses incurred. *Condon v. Petacque*, 90 F.R.D. 53 (N.D.Ill.1981). Also, the attorney's advice may become an issue in the case, as here for example where defendant uses the advice as a defense. *See* discussion *infra* this Opinion.

3. There may be another exception. Some courts have borrowed the rationale of the crime-fraud exception to the attorney-client privilege and used it in conjunction with denying protection to an attorney's work product. *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House*, 116 F.R.D. 46, 52 n. 3 (M.D.N.C.1987).

lected in preparing a witness for deposition, may implicate opinion work product. *Shelton v. American Motors Corp.*, 805 F.2d at 1327; *Sporck v. Peil*, 759 F.2d 312 (3d Cir.), *cert. denied*, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). Because the subtleties of what constitutes work product may not be readily perceived at first glance, the Court is justified in discouraging attorney depositions and placing the burden on those who request the deposition.

 In seeking to depose a party's attorney, the movant must demonstrate that the deposition is the only practical means available of obtaining the information. If there are other persons available who have the information, they should be deposed first. Also, other methods, such as written interrogatories which do not involve the same dangers as an oral deposition, should be employed. *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. at 439; and *Jack Winter, Inc. v. Koratron Company*, 50 F.R.D. 225, 227–28 (N.D.Cal.1970). Second, the movant should show that the information sought will not invade the attorney-client privilege or the attorney's work product. Finally, the information must be relevant and the need for it outweighed by the disadvantages inherent in deposing a party's attorney. *See generally Shelton v. American Motors Corp.*, 805 F.2d at 1327.

 In the instant case, defendant fails to meet the above standard. First, to the extent defendant seeks to explore matters beyond the "Make Special" declarations issued by Mr. Green, defendant fails to show that the inquiries will not likely invade either work product or attorney-client privileges. Also, defendant fails to explain why the deposition of plaintiff's president concerning the matter would not be sufficient to provide it with the information surrounding the filing for the patent and the request for expedited procedures. To the extent that defendant wishes to have Mr. Green examine a sample of their material in order to compare it with the one involved

in the patent application, defendant utterly fails to demonstrate that Mr. Green is the only person who would be able to make this comparison and present evidence on the issue. The only apparent benefit defendant would receive from this procedure is perhaps obtaining the disqualification of Mr. Green as an attorney in this case. The Court will not permit that result without an extremely high showing of necessity, which defendant has not done. Therefore, the Court finds that defendant has failed to demonstrate a sufficient showing to permit it to depose plaintiff's patent attorney and, therefore, plaintiff's motion for a protective order will be granted.[4]

IT IS THEREFORE ORDERED that plaintiff's motion for a protective order that deposition of its patent attorney, Mr. Lawrence Green, not be had is granted, and it is Ordered that defendant is forbidden from deposing Mr. Green without further Order of the Court.

---

**4.** This ruling does not effect defendant's decision to permit its counsel to be deposed with respect to advice he gave concerning plaintiff's

patent. Nothing in this Opinion should be construed as indicating that decision is improvident.