SOUTHERN FILM EXTRUDERS, INC., Plaintiff,

v.

The COCA–COLA COMPANY and Presto Products, Incorporated, Defendants.

No. C–86–919–G.

United States District Court, M.D. North Carolina, Greensboro Division.

Oct. 23, 1987.

Michael E. Ray, Conrad C. Baldwin, Jr., Winston–Salem, N.C., for plaintiff.

Caryn R. May, The Coca–Cola Co., Atlanta, Ga., Edward L. Murrelle, Lindsay R. Davis, Jr., Greensboro, N.C., for defendants.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

Plaintiff moves for a protective order to quash a subpoena and prohibit the depositions of two former attorneys who did work for a special committee of plaintiff's board of directors. Defendants seek to depose these attorneys "in connection with their employment and subsequent investigation in preparing the proxy statement of March 6, 1986 for Southern Film Extruders, Inc."

This action involves plaintiff's suit to recover for breach of contract, negligence, fraud and misrepresentation, and federal and state securities law violations. The claims arise out of the sale by defendants of all the stock of Associated Packaging Products Company, Inc. ("APPI") to plaintiff in February 1985.

In seeking a protective order, plaintiff relies on this Court's decision in *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83 (M.D.N.C.1987). In that case, the Court determined that: "The mere request to depose a party's attorney constitutes good cause for obtaining

a Rule 26(c), Fed.R.Civ.P., protective order unless the party seeking the deposition can show both the propriety and the need for the deposition." *Id.* at 85. Citing the disruption and burdens which often attend deposing a party's attorney, the Court found it appropriate to place the burden on the deposing party to show good cause for the deposition. *Id.* In addition, the deposing party must demonstrate that the deposition of his opponent's attorney is the only practical means of obtaining the information. If the information could be obtained from deposing non-attorneys or through written interrogatories, these methods should be explored first. *Id.* at 86. Plaintiff urges the Court to apply *N.F.A. Corp., supra,* to the facts of this case and prohibit the depositions.

Defendants argue that *N.F.A. Corp., supra,* is inapposite because they do not seek to depose plaintiff's litigation attorneys but rather former attorneys who prepared some proxy materials on a one-time basis when plaintiff sought to become a "private" company. The information is allegedly relevant because in bringing the lawsuit plaintiff put into issue its financial status and business problems. Defendants assert that plaintiff's financial difficulties cannot be attributed to the acquisition of the APPI stock because any problems caused thereby were minimal compared to the general difficulties plaintiff was already encountering. Defendants hope to reveal this by examining plaintiff's efforts to become a private company. They want to examine proxy materials and discussions surrounding the attempt to become a private company which occurred a year after plaintiff purchased APPI. Defendants think it significant that the proxy materials apparently do not include any reference to problems resulting from the acquisition of APPI.

### Discussion

The present situation differs from that faced in *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., supra.* In *N.F.A. Corp., supra,* the defendant sought to depose a party's patent attorney involved in the litigation. Whereas here, the potential depo-

nents are not only *former* attorneys but were hired for the limited purpose of representing and advising a special committee of the board of directors in regard to efforts to convert plaintiff into a private company. Part of their duties included preparing a proxy statement for plaintiff to be filed with the Securities and Exchange Commission. The deposition of these former attorneys of the special committee will not cause the disruption engendered by the deposition of a party's attorney who plays an active role in litigating the lawsuit before the Court. Deposition of a litigation attorney, at a minimum, detains him or her from preparing the litigation in order to undergo the deposition. Moreover, there is danger that the attorneys, who are supposed to be mere representatives, will become personally involved in the controversy which would reduce their effectiveness as representatives. These factors do not apply to deposition of former attorneys.

To the extent the depositions do not involve litigation attorneys, *N.F.A. Corp., supra,* does not control the outcome. Notwithstanding, application of much of its rationale would be appropriate. Therefore, although a litigant only seeks to depose a party's former attorney, a motion for a protective order is not premature when made prior to the deposition. *See N.F.A. Corp., supra,* at 85, n. 1. Thereafter, the deposing party must show the propriety and need for the deposition. *Id.* Deposing former attorneys, as opposed to present attorneys, does not lessen the ever present threat that attorney-client privilege or work product may be involved. The Court's experience is that a motion for a protective order inevitably follows a notice of deposition to an attorney. Requiring the deposing party to preliminarily justify the deposition can alleviate unnecessary fears and disputes and more swiftly reduce the scope of the controversy.

In the instant case, the Court finds that deposition of the former attorneys will not likely impinge upon attorney-client privilege or work product. The preparation of a proxy statement does not in-

volve the attorney-client privilege. In a similar situation, it has been held that the preparation of a prospectus intended to be used to enlist investors to purchase an interest in a limited partnership, even though never published, does not implicate the attorney-client privilege. The preparation of the prospectus, by the very nature of the document and its purpose, lacks the requisite intention of confidentiality needed to sustain the privilege. *In re Grand Jury Proceedings*, 727 F.2d 1352 (4th Cir.1984). Likewise in this case, the very action of gathering information to prepare a proxy statement, to be filed with the Securities and Exchange Commission, manifests the lack of intention for confidentiality necessary to invoke the privilege. Moreover, if there were ever any doubt concerning confidentiality, it is dispelled by the fact the document was actually published in order to be disseminated to, and relied upon by, the public.

■ The Court has not been made aware of any possible work product problem and foresees none in this situation. Preparing the proxy statement cannot be said to have been done as a response to a threat of litigation. Rather, the primary motivation behind the work was to assist the corporation in going private. *See United States v. Gulf Oil Corp.*, 760 F.2d 292 (Temp.Emer. Ct.App.1984). Such work is not entitled to protection because it is assembled in the ordinary course of business or pursuant to a public requirement or other non-litigation purpose. Rule 26(b)(3), *1966 Advisory Committee Notes*, 48 F.R.D. 487, 501; *see United States v. Gulf Oil Corp., supra.*

■ Having established the propriety of taking the depositions, defendants next must demonstrate a need to do so. In accordance with *N.F.A. Corp., supra*, the movant must show that the former attorneys would be in a better position to provide the information.[1] The issue is whether there are other avenues available for obtaining the information and whether the Court should, as a matter of policy, order these avenues pursued first.

■ The Court is reluctant to permit the depositions here because defendants' need appears to be weak and other avenues are available. First, the subject matter of the depositions seems to be somewhat tangential to defendants' avowed purpose of discovering the nature and status of Southern's business problems. Defendants do not explain why they cannot determine plaintiff's financial status by reviewing normal business documents and deposing the present or former officers and directors. If available, they would normally be in a better position to supply the information. The sole reason advanced for deposing the attorneys concerning preparation of the proxy materials is that some of the proxy materials are inconsistent with plaintiff's claims of harm. Because the attorneys directed preparation of the proxy materials, they likely would be in a good position to answer such questions. At least plaintiff has not shown the Court any other persons who would be in a better position. However, defendants have only enumerated two matters in the proxy statement which they claim are inconsistent with the claims against defendants.

Considering these circumstances, the Court is not inclined to permit defendants to engage in a broad-ranging deposition of plaintiff's former attorneys for the general policy reasons stated here and in *N.F.A. Corp., supra.* However, in its discretion, it will permit defendants to depose plaintiff's former counsel with respect to the alleged inconsistencies in the proxy statement which defendants have identified in their September 21, 1987 response brief, which are: (1) Quality control at APPI seems to be on par with the industry. (2) The business purpose or rationale for the APPI acquisition was primarily to acquire the

---

1. Defendants need not show why written interrogatories would not be effective. In general, the benefit of spontaneity inherent in oral depositions make them preferable to written interrogatories. The use of written interrogatories may have an advantage when the Court intends to permit a party to depose the other side's litigation attorneys. It loses any preferred status when that threat ends. *Cf. N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83 (M.D.N.C.1987).

linear low technology and production expertise. Also defendants may inquire concerning whether the attorneys were advised of problems resulting from plaintiff's acquisition of APPI.

IT IS THEREFORE ORDERED that plaintiff's motion for a protective order is granted in part and denied in part, and defendants are hereby permitted to depose plaintiff's former attorneys employed in preparation of the proxy materials and the area of inquiry is limited as set forth in the body of this Order.