**M & R AMUSEMENTS CORP., an Illinois Corporation, Plaintiff,**

v.

**Malcom Walter BLAIR, Underwriter at Lloyd's of London, Defendant.**

**No. 87 C 10686.**

United States District Court, N.D. Illinois, E.D.

May 19, 1992.

Nicholas Frank Esposito, Terence Michael Heuel, Mark A. Schramm, Esposito, Heuel & Schramm, Chicago, Ill., for plaintiff.

Daniel J. Leahy, Leahy, Eisenberg & Fraenkel, Chicago, Ill., for defendant.

### ORDER

NORGLE, District Judge.

Before the court is the motion of Malcom Walter Blair ("defendant") to depose Nicholas Esposito, attorney for the plaintiff, M & R Amusements Corporation ("M & R") pursuant to Federal Rule of Civil Procedure 26(a), (b).[1] For the reasons set forth below, the court denies the motion.

### FACTS

The amended complaint reveals that M & R owned and operated Evanston Theaters. M & R obtained coverage from Lloyd's of

---

**1.** Defendant does not specify the rule under which he makes his motion. However, the substance of the motion falls within the purview of Rule 26 and thus the court will construe the motion as made under that rule.

London against "losses caused by the actual destruction, disappearance or wrongful abstraction of Money and Securities within or from the [Evanston Theaters]...." Two one-year policies were issued to run consecutively through October 11, 1987. The first, Policy Number C85104700, covered the period from October 11, 1985 through October 11, 1986. The second, Policy Number C62690600, covered the period from October 11, 1986 through October 11, 1987.

On October 15, 1986, M & R allegedly notified a Lloyd's agent that M & R sustained a loss covered by one of the policies. Subsequently, M & R discovered another loss it incurred during the period covered by one of the policies. Lloyd's has not paid M & R for either loss. In December 1987, M & R filed suit against "LLOYDS' UNDERWRITERS, Signatory to Cover Note Number C85104700 Issued by Gibbs, Hartley, Cooper, Limited, London, England." The complaint sought coverage of the two losses. On August 10, 1990, M & R filed an amended complaint naming as defendant "MALCOM WALTER BLAIR, Underwriter at Lloyd's of London." The caption made no reference to any Policy Number.

On October 11, 1991, defendant filed a motion for summary judgment. That motion argued that the claims exceeded the two-year time limit for a cause of action under the second of the two policies (Policy Number C62690600). According to defendant, Lloyd's was not told of a claim under that policy within two years of the loss as the policy required. M & R filed a response on November 12 asserting that the registered agent for Lloyd's in Chicago, John G. Smith, waived the objection for

Lloyd's in a conversation between Messrs. Smith and Esposito.[2]

That reference prompted defendant to move to take the deposition of M & R's attorney, Nicholas Esposito. The motion also sought production of any notes Mr. Esposito had of the conversations between Misters Smith and Esposito. M & R objected claiming that defendant failed to prove a need for the documents and deposition because he had not sought to question Mr. Smith. Defendant responded, maintaining a need for the documents and deposition testimony and agreeing to produce Mr. Smith for a deposition.

## DISCUSSION

■ Deposing an opponent's attorney is a drastic measure. It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper. *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D.Kan.1990). In some very rare cases, however, deposing the attorney for an opposing party might be permitted. *See, e.g., Cooper v. Welch Foods, Inc.*, 105 F.R.D. 4, 6 (W.D.N.Y.1984); *Hunt International Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D.Ill.1983); *Brown v. Hart Schaffner & Marx*, 96 F.R.D. 64, 67 (N.D.Ill.1982).

■ A review of the cases discussing this topic reveals that courts generally employ four criteria to determine whether to allow the deposition: 1) whether the information sought is relevant to a major issue in the case (*MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 51 (1st Cir.1987)); 2) no

---

**2.** The relevant text of the response explains: Plaintiff filed suit naming Lloyd's of London as defendant signatory to cover note C85104700. Immediately prior thereto, plaintiff's counsel spoke with John G. Smith, Esquire of the Chicago law firm of Lord, Bissel & Brook, Lloyd's registered agent in Illinois[. A]t that time Esposito asked for clarification as to the manner in which plaintiff should name defendant under the two policies. Mr. Smith told plaintiff's counsel to name Lloyd's of London and to sue using the policy number

of the first policy since both were Lloyd's policies. Smith stated [that] plaintiff's counsel would later be advised of the name of the exact underwriter(s) and that there was no need to sue under both policies.... After suit was filed, plaintiff's counsel was advised to name Malcom Blair as defendant instead of Lloyd's.

Pla.Mem. In Opp. to Def.Mot. for Summ.J. at 1–2. Mr. Esposito provides an affidavit to that effect as well.

other means for obtaining the relevant information exists (*Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 86 (M.D.N.C. 1987)); 3) the need for the information outweighs the inherent risks of deposing opposition counsel (*Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J.1990)); and 4) the information sought is not privileged (*West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302–02 (S.D.Fla.1990)).

Defendant concentrates his efforts on the first factor. He claims that the two-year time limitation on suits is crucial to his case. Both losses, according to defendant, occurred during the tenure of the second of the two one-year contracts. This same contract was not specifically named in the original complaint. Therefore, defendant argues, if he can show that Lloyd's-representative Smith never gave any indication that Smith was waiving the time limitation, M & R's suit is finished.

Even assuming defendant is correct that the information sought is relevant to a major issue of the case, defendant has failed to demonstrate how any of the other factors are fulfilled. Most significantly, defendant has not shown that there are no other means available to obtain the information he needs. There were two parties to the conversation at issue here. Defendant admits that he has not questioned Lloyd's counsel Mr. Smith. The rule requires exhaustion of all other reasonable alternatives before a party should seek to depose his opponent's attorney.[3] Thus, it would be improper for the court to allow defendant to depose Mr. Esposito. *Accord Shelton*, 805 F.2d at 1327 (denying motion to depose counsel).

---

3. Defendant's suggestion that it would make Mr. Smith available for deposition shows a fundamental misconception of the rule. It is the responsibility of the movant to demonstrate that he has exhausted all other reasonable means of obtaining the information. *Southern Film Extruders, Inc. v. Coca–Cola Co.*, 117 F.R.D. 559,

CONCLUSION

Defendant's motion to depose Nicholas Esposito is denied.

IT IS SO ORDERED.

561 (M.D.N.C.1987). Until defendant shows that all other reasonable alternatives have been pursued to no avail, he will not be able to depose his opponent's attorney. *See* Case Comment, *Suppose You Want to Depose Opposing Counsel: Shelton v. American Motors Corp.*, 73 Minn.L.Rev. 1116 (April 1, 1989).