**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Plaintiff,

and

**Bruce Ey, Plaintiff–Intervenor,**

v.

**HBE CORPORATION d/b/a Adam's Mark Hotel, et al., Defendants.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Plaintiff,

and

**Dewey R. Helms, Plaintiff–Intervenor,**

v.

**HBE CORPORATION d/b/a Adam's Mark Hotel, et al., Defendants.**

Nos. 4:93–CV–0722(CEJ), 4:93–CV–0867(CEJ).

United States District Court, E.D. Missouri, Eastern Division.

July 26, 1994.

Donna Harper, E.E.O.C., St. Louis, MO, for plaintiff E.E.O.C.

Mary Ann Sedey, St. Louis, MO, for plaintiff Dewey R. Helms.

Lisa Van Amburg, Schuchat and Cook, St. Louis, MO, for plaintiff Bruce Ey.

John Renick, McMahon and Berger, St. Louis, MO, for defendants.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This matter is before the Court on the motion of plaintiff Equal Employment Opportunity Commission for a protective order. Defendant HBE Corporation oppose this motion.

Defendant served a notice pursuant to Fed.R.Civ.P. 30(b)(6) directing the plaintiff to designate and produce for deposition a person having knowledge of the allegations in the complaint. The plaintiff contends that the only person with knowledge of the information requested in the deposition notice is its trial attorney and that the information sought to be discovered is privileged. Defendant does not assert that there is another individual at the Equal Employment Opportunity Commission who is competent to testify as to the matters at issue.

Taking an opposing counsel's deposition has "long been discouraged." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). A court should only order an opposing counsel's deposition to be taken when "(1) no other means exist to obtain the information than to depose opposing counsel ... (2) the information sought to be discovered is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* The defendant has failed to establish that there are no other means to obtain the information, that the information is relevant and nonprivileged, or that the information is crucial to the preparation of its case.

To the extent that the defendant is seeking documentary evidence, plaintiff argues that this information is also privileged. The work product doctrine accords a qualified immunity to documents that are prepared in anticipation of litigation and/or that reflect conclusions, opinions, legal theories or mental impressions of a party's attorney. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3). The qualified immunity may be overcome only by a showing of substantial need for the documents and inability, without undue hardship, to obtain the substantial equivalent of the documents by other means. *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596 (8th Cir.1977).

The defendant asserts that it is seeking to "explore the factual bases of the claims made by Plaintiff." As defendant well knows, it is the selection and compilation of the relevant facts that is at the heart of the work product doctrine. *See Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). Defendant has not attempted to argue that the facts forming the basis of the plaintiff's allegations are not discoverable by other means. In fact, it appears that plaintiff has fully complied with all of the defendant's discovery requests, including turning over its complete investigative file and identifying all witnesses requested by the defen-

dant and known to the plaintiff to have relevant information.

Because the Court concludes that the information sought to be discovered in the deposition pursuant to Fed.R.Civ.P. 30(b)(6) is privileged;

**IT IS HEREBY ORDERED** that plaintiff's motion for a protective order is granted.