**RAINBOW INVESTORS GROUP, INC.**

v.

**FUJI TRUCOLOR MISSOURI, INC.,
Fuji Trucolor, Inc. and Fuji
Photofilm USA, Inc.**

**Civil Action No. 94–1860.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

May 13, 1996.

Gerald C. Delaunay, Perrin Landry Delaunay & Durand, Lafayette, LA, for plaintiff Rainbow Investors Group, Inc. dba Dixie Color.

Jack C. Caldwell, Karen T. Bordelon, Milling Benson Woodward Hillyer Pierson & Miller, Lafayette, LA, Neal D. Hobson, Milling Benson Woodward Hillyer Pierson & Miller, New Orleans, LA, John E. Tardera, Peter B. Zlotnick, Whitman Breed Abbott & Morgan, New York City, for defendants Fuji Trucolor Missouri, Inc., Fuji Trucolor, Inc., Fuji Photofilm U.S.A., Inc.

Gerald C. Delaunay, Perrin Landry Delaunay & Durand, Lafayette, LA, movant.

### RULING ON MOTION FOR RULE 26(c) PROTECTIVE ORDER

METHVIN, United States Magistrate Judge.

Before the court is a motion for Rule 26(c) protective order filed by plaintiff Rainbow Investors Group, Inc. d/b/a Dixie Color ("Dixie Color") on April 12, 1996. The motion seeks to quash the scheduled deposition of plaintiff's counsel, Gerald C. Delaunay, set for May 31, 1996. Oral argument scheduled for April 24, 1996, was postponed at the request of defendants (collectively referred to as "Fuji") in order for defendants to file a response to plaintiff's motion. Defendants filed an opposition on April 26, 1996. Plaintiff filed a supplemental memorandum in support of the motion for protective order entitled "Response Memorandum," without leave of court, on May 2, 1996.

In this lawsuit, plaintiff alleges breach of contract claims against the defendants. In response, defendants raised counterclaims against the plaintiff for breach of contract, tortious interference with contract and plaintiff's breach of duty of good faith and fair dealing. Central to the defendants' claims and defenses is plaintiff's sale of assets to Qualex, Inc., a subsidiary of Kodak and competitor of the defendants, during the effective term of the contracts between the parties.

The sale of Qualex was handled on behalf of the plaintiff by Gerald C. Delaunay, now counsel of record in this case. According to the defendants, Delaunay negotiated, drafted and insisted on certain provisions in the Qualex sale specifically addressing defendants' photofinishing contracts with plaintiff. Defendants contend that Delaunay was involved in plaintiff's efforts to sell its assets from as early as May 1993 when he drafted confidentiality agreements for use in plaintiff's sale negotiations with Qualex. Defendants further argue that Delaunay was the only person responsible for plaintiff's negotiations with and agreements reached between plaintiff and Qualex. Thus, it is defendants' position that Delaunay has information pertaining to the Qualex–Dixie Color transaction which is otherwise unavailable and critical to the defendants' defenses and counterclaims.

Federal Rule of Civil Procedure 26(b)(1) allows for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ..." Moreover, the Federal Rules of Civil Procedure do not specifically prohibit taking the deposition of counsel. *See* Fed. R.Civ.P. 30(a) ("any party may take the testimony of any person"). Thus, the party seeking the protective order to preclude their attorney's deposition bears the burden under Rule 26(c) of demonstrating good cause to preclude or limit the testimony. The party seeking to block its attorney's deposition concerning relevant information will succeed if it establishes undue burden or oppression measured by (1) the quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony. *Johnston Dev. Group v. Carpenters Local 1578,* 130 F.R.D. 348, 353 (D.N.J.1990).

Taking the deposition of opposing counsel is a practice that has long been discouraged as disruptive of the adversarial system and one which should be employed only in limited circumstances. *Shelton v. Ameri-*

*can Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986). *See also In re Taxable Municipal Bonds Litigation,* Civ. A. No. MDL 863, 1993 WL 45156, at *2 (E.D.La. Feb. 12, 1993). Nevertheless, the Supreme Court has made clear that when appropriate, an attorney may be forced to disclose those facts in his possession that are relevant to a lawsuit. *In re: Taxable Municipal Bonds Litigation, supra.* (citing *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947)). The deposition of an attorney may be "both necessary and appropriate" where the attorney may be a fact witness, such as an "actor or viewer," rather than one who "was not a party to any of the underlying transactions giving rise to the action," or whose role in a transaction was "speculative and not central to the dispute." *Johnston,* 130 F.R.D. at 352 (citations omitted).

Plaintiff argues that the burden is on the defendants to show that: (1) the facts sought to be discovered are not otherwise available through other discovery techniques; (2) the information sought is relevant and non-privileged; and, (3) the information is crucial to the preparation of the case. *Shelton,* 805 F.2d at 1323. However, I find that it is plaintiff who bears the burden of persuasion under Rule 26(c) as discussed above. Plaintiff further contends that even if the deposition of Delaunay were allowed to go forward, Delaunay should not be required to testify regarding information covered by the attorney-client privilege. However, while this proposition seems reasonable in theory, plaintiff offers nothing in either of his briefs to establish the privilege. The burden of proving the attorney-client privilege rests on the party claiming the privilege. A general allegation by plaintiff is insufficient.

For the attorney client privilege to apply, it must be shown that the communication was made confidentially, to the attorney in his professional capacity, and in order to obtain legal advice. *United States v. Kelly,* 569 F.2d 928, 938 (5th Cir.1978), *cert. denied,* 439 U.S. 829, 99 S.Ct. 105, 58 L.Ed.2d 123 (1978). More specifically, it must be proved that the asserted holder of the privilege made the communications as to which the

privilege is asserted to one acting as a lawyer, and that the communications were made "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *United States v. Harrelson*, 754 F.2d 1153, 1166 (5th Cir.1985) (citing *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975)). A clear showing must be made that sets forth the items or categories objected to and the reasons for that objection. *Peat, Marwick, Mitchell and Co. v. West*, 748 F.2d 540 (10th Cir.1984); *cert. denied*, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985); *United States v. Bump*, 605 F.2d 548 (10th Cir.1979). Plaintiff has not carried his burden.

■ Defendants seek information concerning Delaunay's knowledge of the facts underlying the Qualex sale. At the time that Qualex sale negotiations commenced (approximately May, 1993), the instant litigation was not pending, nor was litigation presumably anticipated by the parties.[1] Thus, Delaunay's role was primarily as negotiator of a business transaction on behalf of Dixie Color. As reflected in the documents attached to defendants' memorandum in opposition to plaintiff's motion, Delaunay drafted the Qualex sale agreement and insisted on the inclusion and exclusion of certain provisions therein. Defendants further assert that Delaunay may have written a note "may terminate" next to the one of the provisions of the agreement that dealt with the effect of the sale on the contracts between Dixie Color and Fuji. The court finds that to the extent that communications were made by Dixie Color to Delaunay as an attorney, in his professional capacity, such communications are privileged except to the extent that the privilege was waived by plaintiff in producing documents reflective of such communications. Insofar as Delaunay was acting more as a negotiator in a business activity on Dixie Color's behalf than as their attorney, any knowledge possessed by Delaunay in this regard is discoverable. Moreover, any nonprivileged communications between Delaunay and Qualex, a third party, are also discoverable.

■ Plaintiff does not contend that the information sought from Delaunay by defendants is entitled to the qualified work-product immunity. Nonetheless, some comment regarding this issue is in order. In *Hickman*, the Supreme Court acknowledged the well-recognized policy against invading the privacy of an attorney's course of preparation for trial or work done in anticipation of litigation. *Hickman*, 329 U.S. at 511, 67 S.Ct. at 393–94. I find, however, that the work product doctrine is inapplicable. The focus of defendants' inquiry at Delaunay's deposition will be events that took place well before litigation was anticipated and thus will not require testimony regarding Delaunay's legal theories and mental impressions regarding strategy in preparation for trial in the present litigation.

■ In conclusion, the court finds that plaintiff has failed to make the required showing of good cause in order to justify the granting of a protective order regarding the deposition of Delaunay. First, the information defendants seek from Delaunay is relevant and concerns certain factual issues which are central to the counterclaims and defenses asserted by the defendants. Plaintiff acknowledges defendants' contention that the Qualex sale represented a breach in the agreement between plaintiff and defendants. Secondly, defendants have demonstrated an effort to obtain the information from other sources as they have attached documents which they obtained through discovery from plaintiff regarding the Qualex sale. Defendants have also taken the deposition of plaintiff's president, Ted Landry. In fact, it was at Mr. Landry's deposition that defendants learned that Delaunay may possess vital information unknown even to Mr. Landry regarding the negotiation of the Qualex sale. Plaintiff's argument concerning defendants' decision to "wait and raise this frivolous issue after this case is well into the discovery process" actually supports defendants' position that after taking substantial discovery they still have questions which only Delaunay may answer. Finally, although the prospect of oppression is present in the examination of

---

1. Dixie Color filed the Complaint on October 11, 1994.

opposing counsel, I find that the risk is justified here due to the key role Delaunay played in negotiating the transaction which lies at the base of this dispute. Moreover, in opposing the motion for protective order, I note that the defendants provided ample evidence sufficient to satisfy the *Shelton* standard in order to justify the taking of Delaunay's deposition.

For the reasons set forth hereinabove,

IT IS ORDERED that plaintiff's Motion for Rule 26(c) Protective Order is DENIED and the deposition of Gerald Delaunay is ordered to proceed as noticed by the defendants for May 31, 1996 with the scope of the deposition being limited to unprivileged facts underlying the sale transaction between Qualex and Dixie Color. Any assertion of the attorney-client privilege shall include specific information concerning the date of and parties involved in the communication in question; the subject matter of the communication; and, the specific reason for the assertion of the privilege.