**DUNKIN' DONUTS, INCORPORATED.,**
**Plaintiff,**

v.

**MANDORICO, INC., Defendant.**

**CIV. No. 97–1646(DRD).**

United States District Court,
D. Puerto Rico.

June 12, 1998.

Ricardo Casellas, San Juan, PR, Arthur L. Pressman, Philadelphia, PA, Jane A. Becker–Witaker, San Juan, PR, for Plaintiff.

Fernando L. Gallardo, Hato Rey, Harrison A. Fitch, Boston, MA, for Defendant.

## ORDER

ARENAS, United States Magistrate Judge.

**I.** · *Deposition of Arthur L. Pressman, Dunkin' Donuts' attorney*

On February 6, 1998, defendant Mandorico, Inc., filed a motion to compel the deposition of Arthur L. Pressman and disqualify him as counsel for Dunkin' Donuts, Incorporated.[1] On February 23, 1998, Dunkin' Donuts filed a response to defendant's motion to compel the deposition and disqualification of their attorney.[2] Plaintiff seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to prevent defendant from deposing its attorney, Arthur L. Pressman. Plaintiff filed a memorandum of law in support of its cross-motion to quash defendant's notices of deposition and request for a protective order in accordance with Fed.R.Civ.P. 26(c). The issue is whether Dunkin' Donuts is entitled to a protective order precluding the deposition of attorney Arthur L. Pressman.

The Federal Rules of Civil Procedure do not explicitly prohibit the deposition of the opposing party's attorney. Fed.R.Civ.P. 26–32; *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986); *Rainbow Investors Group, Inc. v. Fuji Trucolor Missouri, Inc.,* 168 F.R.D. 34, 36 (W.D.La.1996); *Buford v. Holladay,* 133 F.R.D. 487, 491 (S.D.Miss.1990); *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. 83, 84 (M.D.N.C.1987); Timothy Flynn, Jr., *On "Borrowed Wits": A Proposed Rule for Attorney Depositions,* 93 Colum. L.Rev.1956, 1956 (1993). However, federal courts have not looked with favor upon attempts to depose opposing counsel. *Shelton v. American Motors Corp.,* 805 F.2d at 1327; *see United States v. Yonkers Bd. of Educ.,* 946 F.2d 180, 185 (2d Cir.1991) (depositions of opposing counsel are disfavored); *Rainbow Investors Group, Inc. v. Fuji Trucolor Missouri, Inc.,* 168 F.R.D. at 36 ("deposition of opposing counsel is a practice that has long been discouraged as disruptive of the adversarial system."); *EEOC v. HBE Corp.,* 157 F.R.D. 465, 466 (E.D.Mo.1994); *Buford v. Holladay,* 133 F.R.D. at 491; *Harriston v. Chicago Tribune Co.,* 134 F.R.D. 232, 233 (N.D.Ill.1990); *see also Advance Sys., Inc. of Green Bay v. APV Baker PMC, Inc.,* 124 F.R.D. 200, 201 (E.D.Wis.1989). They have held that deposing an opponent's attorney is a drastic measure and is infrequently proper. *M & R Amusements Corp. v. Blair,* 142 F.R.D. 304, 305 (N.D.Ill.1992); *Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687, 689 (D.Kan.1990).

The Eighth Circuit has expressed that even though opposing counsel are not absolutely immune from being deposed, its proliferation is a negative development in the area of litigation and should be permitted only in limited circumstances. *Shelton v. American Motors Corp.,* 805 F.2d at 1327; *see Gould v. Mitsui Mining & Smelting Co.,* 825 F.2d 676, 680 n. 2 (2d Cir.1987) (the Shelton court's concern with the deposition of opposing counsel is "generally well taken"); *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., ITT,* 125 F.R.D. 578, 593 (N.D.N.Y.1989). "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the

---

**1.** Motion to compel the deposition of Arthur L. Pressman and disqualify him as counsel for Dunkin' Donuts Incorporated. (Docket No. 42.)

**2.** Plaintiff's response to defendant Mandorico's motion to compel the deposition of Arthur L. Pressman and disqualify him as counsel for Dunkin' Donuts and memorandum of law in support with plaintiff's cross-motion to quash defendant's notices of deposition and for a protective order in accordance with Fed.R.Civ.P. 26(c). (Docket No. 46.)

profession, but it also adds to the already burdensome time and costs of litigation ... [f]inally, the practice of deposing opposing counsel detracts from the quality of client representation." *Shelton v. American Motors Corp.,* 805 F.2d at 1327; *Kelling v. Bridgestone/Firestone, Inc.,* 153 F.R.D. 170, 171 (D.Kan.1994); *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., ITT,* 125 F.R.D. at 593. Federal courts have held that deposing opposing counsel "inherently constitutes an invitation to harass the attorney and parties, and to disrupt or delay the case." *West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. 301, 302 (S.D.Fla. 1990) (citing *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. at 86; *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 429, 437 (E.D.Pa.1981)). For the above mentioned reasons, federal courts exercise great care before permitting the deposition of a party's attorney. *Kelling v. Bridgestone/Firestone, Inc.,* 153 F.R.D. at 171.

■ Numerous federal courts have adopted a three-pronged test introduced by the Court of Appeals for the Eighth Circuit in *Shelton v. American Motors Corp.,* 805 F.2d at 1327. With said test, the Court of Appeals for the Eighth Circuit "balanced parties' right to discover relevant unprivileged information with opposing parties' right to avoid deposition of their counsel taken merely to harass." *Cascone v. Niles Home for Children,* 897 F.Supp. 1263, 1265 (W.D.Mo.1995). According to the frequently cited test, the deposition of opposing counsel should be limited to situations where the party seeking to take the deposition has shown that: "(1) no other means exist to obtain the information than to depose opposing counsel, ... (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.,* 805 F.2d at 1327; *see Boughton v. Cotter Corp.,* 65 F.3d 823, 828 (10th Cir.1995) (citing *Shelton v. American Motors Corp.,* 805 F.2d at 1327); *Religious Tech. Ctr. v. F.A.C.T.Net, Inc.,* 945 F.Supp. 1470, 1480 (D.Colo.1996); *Cascone v. Niles Home for Children,* 897 F.Supp. at 1265; *United States v. All Funds on Deposit in any Accounts Maintained at Merrill Lynch,* 801

F.Supp. 984, 996 (E.D.N.Y.1992); *Rainbow Investors Group, Inc. v. Fuji Trucolor Missouri, Inc.,* 168 F.R.D. at 36; *EEOC v. HBE Corp.,* 157 F.R.D. at 466; *Doubleday v. Ruh,* 149 F.R.D. 601, 613 (E.D.Cal.1993); *Harriston v. Chicago Tribune Co.,* 134 F.R.D. at 233; *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., ITT,* 125 F.R.D. at 593. In general terms, the party seeking to depose an opposing counsel, has to "establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. at 85. In sum, the deposition of opposing counsel has been recognized as permissible under limited circumstances. "The burden is on the party seeking the discovery to demonstrate its propriety and need." *American Casualty Co. of Reading, Penn. v. Krieger,* 160 F.R.D. 582, 585 (S.D.Cal.1995) (citing *Shelton v. American Motors Corp.,* 805 F.2d at 1327); *Doubleday v. Ruh,* 149 F.R.D. at 613 (citing *Shelton v. American Motors Corp.,* 805 F.2d at 1327).

■ In general, protective orders pursuant to Fed.R.Civ.P. 26(c) totally prohibiting a deposition are rarely granted absent extraordinary circumstances. *West Peninsular Title Co. v. Palm Beach County,* 132 F.R.D. at 302; *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. at 84. However, "a request to take the deposition of a party's attorney ... constitutes a circumstance justifying departure from the normal rule." *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. at 84. The mere request to depose an opposing counsel constitutes "good cause" for obtaining a protective order, "unless the party seeking the deposition can show both the propriety and need for the deposition." *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., ITT,* 125 F.R.D. at 594 (citing *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. at 85).

In *Boughton v. Cotter Corp.,* 65 F.3d at 830, the Tenth Circuit Court of Appeals addressed the propriety of an entry of a protective order against the taking of an opposing

counsel's deposition. It held that a trial court "at least had discretion under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the Shelton criteria for deposition ... are not met." *Id.* at 830. In support of their motion to compel the deposition of Mr. Pressman, defendant argues that he is an essential witness and a key participant in the acts complained of by Mandorico in the present case. The defendant explains that since the central issue of this case is whether there was just cause to terminate its franchise agreement and Mr. Pressman was the attorney who sent the termination letter, "he is the person who knows best the reasons why Dunkin' Donuts terminated Mandorico's Franchise Agreement." [3] The defendant has further indicated that it needs to depose Mr. Pressman in order to "determine what he and Dunkin' Donuts knew, or did not know, when it issued the 'Notice of Termination' through him." ' [4]

On the other hand, Dunkin' Donuts argues that there is no basis for deposing nor disqualifying their attorney, since his involvement was limited to providing legal advice to his client and following its instructions. First, the defendant alleges that Mandorico has not shown that there are no other means available by which it may obtain the information sought from a deposition of Mr. Pressman. In addition, Dunkin' Donuts has alleged that even if the information sought were relevant to the case, it would be entirely protected by the attorney-client privilege.

Plaintiff has stipulated the fact that on March 27, 1997, Mr. Pressman authored a letter and forwarded it to Mandorico as a written notification of its termination for just cause of the Franchise Agreement and Exclusive Development Agreement.[5] However, plaintiff asserts the attorney-client privilege with regard to the discussions which Mr. Pressman may have had with his client in preparation of the letter, and any other matter which Dunkin' Donuts may have sought legal advice.

■ I first examine whether there exists other means to obtain the requested information. In essence, the information Mandorico seeks refers to Dunkin' Donuts' reasons for terminating their agreement. Mandorico argues that Mr. Pressman is the person who knows best the reasons for the termination, because he allegedly was the one who terminated the agreement. However, just because Mr. Pressman was the attorney who issued the "Notice of Termination" does not imply that he made the corporate decision to terminate his client's franchise agreement with Mandorico. Although Mr. Pressman, as Dunkin' Donuts' attorney, may know what motivated plaintiff to make such a decision, deposing him is not the only practical means available of obtaining this information.

Mandorico has to demonstrate that Mr. Pressman's deposition is the only practical means available for obtaining the information. If there are other persons who have the information, they should be deposed. In addition, other methods of discovery, such as written interrogatories, should be employed, because they do not entail the dangers of an oral deposition. *Kelling v. Bridgestone/Firestone, Inc.,* 153 F.R.D. at 171 (citing *Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. at 689); *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. at 86. Although Mr. Pressman's deposition may provide information that is relevant to the case, it is not necessary to allow his deposition, since there are alternate means which may provide the information sought by deposing him.

---

3. Motion to compel the deposition of Arthur L. Pressman and disqualify him as counsel for Dunkin' Donuts, Inc. (Docket No. 42 at 1.)

4. *Id.* In addition, defendant has added that it is very likely that Mr. Pressman will be a witness at trial.

5. Plaintiff's response to defendant Mandorico's motion to compel the deposition of Arthur L. Pressman and disqualify him as counsel for Dunkin' Donuts and memorandum of law in support with plaintiff's cross-motion to quash defendant's notices of deposition and for a protective order in accordance with Fed.R.Civ.P. 26(c). (Docket No. 46 at 5–6.)

The defendant must first depose Dunkin' Donuts' executives since they are the individuals who most likely have information regarding the reason(s) why their company decided to terminate the agreements it had with Mandorico. In addition, the three requests for admissions Mandorico served upon plaintiffs, containing over two hundred and fifty (250) requests and the two (2) productions of documents are alternate means which may provide the information sought by the defendants. Since there are other available sources, the defendant must explore them first. Defendant Mandorico has failed to demonstrate that no other means exist to obtain the information than to depose opposing counsel.

■ Even if the defendant had made this showing it must also demonstrate that the information requested is relevant and not protected by the attorney-client privilege nor the work-product rule. Lastly, it must also establish that the information is crucial to the preparation of the case. In the present case, the second factor, whether the information sought is relevant and nonprivileged, weighs against allowing the deposition of Mr. Pressman. Mandorico has cited case law which indicates that the attorney-client privilege is not applicable if the attorney was not serving as such. *Texaco P.R. v. Department of Consumer Affairs*, 60 F.3d 867, 883–84 (1st Cir. 1995) ("The attorney-client privilege attaches only when the attorney acts in that capacity."). However, there is no evidence in the record which may support a finding that Mr. Pressman was not acting as an attorney in his capacity as such, and as Dunkin' Donuts' legal counsel. The fact that Mr. Pressman wrote a letter, which plaintiff asserts is a "pro forma" communication, does not imply that he may be considered a fact witness who should be deposed. Since the record does not contain any evidence which may indicate that Mr. Pressman's involvement in the present case was not limited to acting in his capacity

as Dunkin' Donuts' attorney, the defendant has failed to meet the second factor as well.

In sum, the information sought by Mandorico, Inc., can be obtained by means other than deposing attorney Pressman. Since Mandorico, Inc., has failed to make any showing that no other means exist to obtain the needed information, I will not allow the defendant to depose plaintiff's counsel. I find that Mandorico has not met its burden under the *Shelton* analysis.

It is therefore ordered that the motion to compel the deposition of Arthur L. Pressman and disqualify him as counsel for Dunkin' Donuts, Incorporated, be denied. Pursuant to Fed.R.Civ.P. 26(c), a protective order issues prohibiting the deposition of attorney Arthur L. Pressman.

## II. *Motion to compel discovery*

On April 3, 1998, Mandorico, Inc., filed a motion with memorandum to compel discovery.[6] The defendant requested that the court enter a discovery and scheduling order, order plaintiff to fully answer its first and second request for documents, order its second request for admissions admitted, grant oral argument on its motion for partial summary judgment, and award it reasonable costs and attorney's fees incurred in preparation for a deposition in Canada. Plaintiff responded to defendant's motion to compel on April 23, 1998.[7]

Plaintiff has responded to the first and second production of documents served by Mandorico. Defendant's first, second and third request for admissions are deemed answered. Defendant's motion to compel is denied.

## III. *Motion to appear pro hac vice*

On April 3, 1998, the defendant requested admission *pro hac vice* of attorney Harrison Fitch.[8] Defendant's motion is granted.

---

6. Motion to compel discovery and other relief. (Docket No. 62.)

7. Plaintiff's response in opposition to defendant Mandorico's motion to compel discovery and for other relief. (Docket No. 68.)

8. Application for admission *pro hac vice*. (Docket No. 63.)

### IV. *Magistrate's Discovery Conference and Motion for Contempt and Sanctions*

On April 7, 1998, Dunkin' Donuts, Incorporated moved the court for a magistrate's discovery conference.[9] On April 13, 1998, Mandorico, Inc., filed a motion with memorandum for contempt and for sanctions against Dunkin' Donuts and attorney Arthur L. Pressman.[10] On April 20, 1990 Mandorico responded to plaintiff's motion for setting of a magistrate's discovery conference.[11] On April 30, 1998, Dunkin' Donuts opposed defendant's motion for contempt and sanctions.[12]

Defendant's motion for contempt and sanctions is denied. Plaintiff's motion requesting a magistrate's discovery conference is granted. The conference is set for July 14, 1998 at 9:30 a.m.

### V. *Motion requesting a reasonable enlargement of time to conduct discovery*

On April 30, 1998, Dunkin' Donuts filed a motion requesting a reasonable enlargement of time to conduct discovery and to file dispositive motions.[13] On May 20, 1998, defendant Mandorico filed a memorandum in response to plaintiff's motion to extend time for discovery.[14] Plaintiff's motion is moot.

### VI. *Motion requesting an extension of time to respond or object to interrogatories*

On May 4, 1998, Mandorico filed a motion requesting that the court grant an extension of time to respond or object to the second interrogatories of Dunkin' Donuts, Incorpo-

rated until June 15, 1998.[15] Defendant's motion is granted.

### VII. *Motion to compel the continuation of the depositions of Dunkin' Donuts' executives*

On May 11, 1998, the defendant filed a motion to compel the continuation of the depositions of several executives of Dunkin' Donuts in Puerto Rico.[16] Plaintiff filed an opposition to defendant's motion to compel the continuation of the deposition in Puerto Rico. Plaintiff's filing also included a cross-motion for a protective order, or in the alternative, sanctions, including an order barring any further depositions of Dunkin' Donuts' executives.[17]

Plaintiff's motion to compel the deposition of Dunkin' Donuts' executives is granted. However, I adhere to my previous decision that the depositions will be taken where the deponent is located.[18] Plaintiff's cross-motion for a protective order is denied, as well as its request for imposition of sanctions.

SO ORDERED.

9. Plaintiff's motion requesting a magistrate's discovery conference. (Docket No. 65.)

10. Motion by Mandorico for contempt and other sanctions against Dunkin' Donuts and Arthur L. Pressman. (Docket No. 66.)

11. Memorandum by Mandorico responding to the motion by Dunkin' Donuts for a discovery conference and in further support of the motion by Mandorico for contempt and other sanctions. (Docket No. 67.)

12. Plaintiff's response and brief in opposition to defendant Mandorico's motion for contempt and other sanctions against Dunkin' Donuts and Arthur L. Pressman. (Docket No. 71.)

13. Docket No. 70.

14. Memorandum by Mandorico in response to the motion by Dunkin' Donuts to extend time for discovery: and proposing a "one stop" resolution to the sixteen (16) discovery pleadings currently pending before the court. (Docket No. 76.)

15. Docket No. 72.

16. Docket No. 75.

17. Docket No. 78.

18. See Discovery Conference Report, October 7, 1997, Docket No. 29.