**IN RE: TUTU WATER WELLS CONTAMINATION**
**THIS DOCUMENT RELATES TO: TEXACO, INC.**
**And TEXACO CARIBBEAN INC., ("TEXACO"),**
Successor to VERNON MORGAN

Civ. No. 1996-54

United States District Court for the Virgin Islands

Div. of St. Croix

January 12, 1999

RESNICK, *U.S. Magistrate Judge*

## ORDER REGARDING MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on a motion for protective order filed by counsel for Texaco and CIGNA's opposition. Texaco filed a Reply to such opposition and CIGNA submitted a sur-reply. For the reasons that follow, the motion will be granted in part and denied in part.

## BACKGROUND FACTS

In this cause of action, the CIGNA defendants allege that a settlement agreement, negotiated by Vernon Morgan in which Morgan conceded liability to Texaco, involved "a complex collusionary scheme to create the purported cause of action which is now at issue." CIGNA challenges the validity of the Consent

316

Judgment and Assignment, and seeks to depose attorneys Myers and Curran with regard to their role in negotiating the agreement. The attorneys oppose on the ground that the movants have failed to show that there are no other means to obtain the information, that the information is not privileged, or that the information is crucial.

## DISCUSSION

■ The courts in this circuit hold that there is no general prohibition against obtaining the deposition of opposing counsel with regard to relevant, non-privileged information. *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 437 (E.D. Pa. 1981); *Frazier v. Southeastern Pennsylvania Transportation Authority*, 161 F.R.D. 309, 313 (E.D. Pa. 1995). In ruling on a motion for protective order with regard to such a deposition, however, the court is required to deny a request that is annoying, embarrassing or burdensome, and to grant such request when the information sought is relevant and within the movant's legitimate discovery needs. *Johnston Development v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (D.N.J. 1990). The burden is on the moving party to show good cause for entering a protective order. *Musko v. McCandless, et. al.*, 1995 U.S. Dist. LEXIS 14477, 1995 WL 580275 (E.D. Pa. 1995). Good cause is established by showing that disclosure will cause prejudice to the party seeking the protective order. *Falkenberg Capital Corporation v. Dakota Cellular, Inc.*, 1998 U.S. Dist. LEXIS 13456, 1998 WL 552966 (D.Del. 1998). Such injury must be shown with specificity. *Id.*

This Court finds that the CIGNA defendants have shown a legitimate basis for the deposition. They claim that the attorneys were actors and witnesses to the subject matter of the cause of action and that the factual information sought is not privileged. A protective order will not issue where the attorney's conduct is the basis for the claim or defense or where the attorney observed or participated in the underlying transaction or occurrence giving rise to the cause of action. *Johnston*, 130 F.R.D. at 352. CIGNA claims that the agreement giving rise to this litigation was fraudulently entered into and assigned to Texaco, and seeks information regarding when the agreement was signed and extent of the attorneys'

317

knowledge of Morgan's financial situation at the time. The attorneys respond that "there are other persons who have the same information."

Additionally, they urge the court to follow the analysis contained in the eighth circuit decision *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1987). Shelton suggested that deposing an opponent's attorney can be disruptive and prejudicial and should be allowed only in limited circumstances. However, it did not expressly prohibit the taking of such depositions. Thus, in general terms, any party seeking to depose an opposing counsel has to establish a legitimate need for requesting the information, and demonstrate that the deposition will not prove burdensome. *See N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. 83, 86 (M.D.N.C. 1987).[1]

In response, CIGNA states that it has conducted depositions of Texaco personnel in order to obtain the information; however, there are gaps in the information which can only be supplied by the attorneys. Based on this initial showing that Morgan's attorneys were actors or witnesses to the agreement giving rise to this cause of action, and CIGNA's inability to otherwise obtain the information sought, the discovery sought is relevant and, unless privileged, discoverable.[2] The representations made by CIGNA satisfy the court that the request for deposition is not improper.

Notwithstanding the foregoing, the court finds that deposing both attorneys will be burdensome and cumulative. The Court has discretion to set limits on discovery as it sees fit, *In re Arthur Treacher's Franchise Litigation*, 92 F.R.D. at 439, and CIGNA has not demonstrated that it needs to depose both attorneys. The attorneys were co-counsel to Morgan at the times relevant to this lawsuit. Therefore, the information sought can be obtained from one of the attorneys, rather than both. Accordingly, CIGNA must identify which attorney it will depose and notify Texaco court of same. If

---

[1] Texaco also relies on the case of *Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc.*, 1993 U.S. Dist. LEXIS 1185, 1993 WL 30067 (E.D. Pa. 1987) to bolster its argument that *Shelton* is controlling and that, under its standard, the protective order should issue. This court disagrees. Although several courts have embraced the factors contained in *Shelton*, *Advanced Power* did not specifically adopt that analysis. In fact, courts in this circuit agree that an attorney may be examined as any other witness.

[2] In its sur-reply CIGNA has provided a laundry list of areas of inquiry.

Texaco feels the other attorney is more knowledgeable factually it may substitute such other attorney. If after such deposition CIGNA asserts that it still lacks relevant information that may be obtainable from the other attorney, upon proper motion, the court will consider the propriety of deposing such other attorney.

## CONCLUSION

■ Now, therefore, it is hereby

ORDERED that the motion for protective order is GRANTED IN PART. CIGNA may depose one attorney as provided above. *Such deposition shall be limited to factual, non-privileged matter.* Nothing herein shall be determinative of the admissibility of any such testimony at trial.